## AMERICAN NAT. INS. CO. v. BIRD.
### (No. 7333.)

(Court of Civil Appeals of Texas. Dallas. March 20, 1915.)

1. INSURANCE ⟨⟨⟨559 — PROOF OF DEATH — WAIVER.

A life insurance company which denied liability and refused to furnish blanks for making proof of death cannot defend an action on the policy on the ground of failure to furnish proof of death.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1391, 1392; Dec. Dig. ⟨⟨⟨559.]

2. APPEAL AND ERROR ⟨⟨⟨1051 — HARMLESS ERROR—ADMISSION OF EVIDENCE.

Where a life insurance policy introduced in evidence showed its date, error in permitting plaintiff to testify as to the date was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161–4170; Dec. Dig. ⟨⟨⟨1051.]

3. APPEAL AND ERROR ⟨⟨⟨1039 — HARMLESS ERROR—PLEADINGS—STYLE.

The fact that plaintiff styled his amendment filed in the county court on appeal from the justice court a "first supplemental petition," instead of an amendment, was immaterial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4075–4088; Dec. Dig. ⟨⟨⟨1039.]

4. INSURANCE ⟨⟨⟨645—ACTIONS ON POLICY—ADMISSION OF EVIDENCE—OTHER POLICY.

Where the life insurance policy introduced by plaintiff was the one sued on, and defendant did not plead the issuance of another policy, there was no error in excluding evidence offered by defendant to show that there were two policies issued.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1554, 1632–1644; Dec. Dig. ⟨⟨⟨645.]

5. APPEAL AND ERROR ⟨⟨⟨544 — QUESTIONS PRESENTED—NECESSITY OF BILL OF EXCEPTIONS—RULE ON APPLICATION FOR CONTINUANCE.

Error in overruling an application for continuance cannot be considered in the absence of a bill of exceptions showing what the court's ruling on the application was.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2412–2415, 2417–2420, 2422–2426, 2428, 2478, 2479; Dec. Dig. ⟨⟨⟨544.]

Appeal from Dallas County Court; W. F. Whitehurst, Judge.

Action by Birches Bird against the American National Insurance Company. From a judgment for plaintiff in the county court and appeal from the justice court, the defendant appeals. Affirmed.

M. L. Robertson, of Dallas, for appellant. Joe Utay and C. T. Williamson, both of Dallas, for appellee.

RAINEY, C. J. Appellee instituted this suit in the justice court against appellant to recover on an insurance policy insuring the life of Helen Bird for $150 for the benefit of appellee, her father; also prayed for interest, penalty, $25 attorney's fee, and cost. Appellant answered by general demurrer and general denial. A trial resulted in favor of the appellee. An appeal was taken to the county court, and a like result was had, and the cause was appealed to this court.

The evidence shows that appellant issued the policy sued on; that the insured, Helen Bird, died; that the beneficiary, the appellee, was her father; that the premiums had been paid; that by its acts the appellant waived proof of death, and the policy was in full force at the time of Helen Bird's death.

1. The court did not err in refusing to dismiss the suit in the county court on the ground that a new cause of action was set up; for the same cause of action was relied on and tried in the justice court, and not upon another and different one.

[1] 2. It was not error to refuse to instruct the jury to find for plaintiff for the failure to furnish appellant proof of the death, for the reason that the appellant denied liability on the policy, and refused to furnish blanks

for the making of such proof as required by the policy.

[2] 3. There was no error in allowing plaintiff to testify as to the date of the policy; it being harmless, as the date was shown by the policy itself.

[3] 4. It was immaterial that plaintiff in the county court styled his amendment "first supplemental petition," instead of an amendment.

[4] 5. There was no error in overruling defendant's offer to show that there were two policies, as the policy introduced was the one sued on, and shows liability, and there was no plea by defendant of any other having been issued.

[5] 6. The complaint that the court erred in overruling defendant's application for a continuance cannot be considered, for there is nothing in the record showing what action the court took on said application; there being no bill of exceptions reserved in the record as to what the ruling of the court was.

7. The evidence showing liability on the part of the appellant, there was no error in refusing defendant's requested charges, and the judgment is affirmed.

Affirmed.