## PRUDENTIAL LIFE INS. CO. OF TEXAS v. PEARSON. (No. 159–3145.)

(Commission of Appeals of Texas, Section B. May 26, 1920.)

1. **Corporations** ⬅️99(2)—**Insurance** ⬅️33— Note secured by deed of trust accepted by insurance company in payment for stock "property actually received."

Note of subscriber to corporate stock in an insurance company, secured by valid deed of trust on real estate to which the subscriber has title, accepted by the corporation in payment for the stock, is "property actually received" within the meaning of Const. art. 12, § 6.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Actually Receive.]

2. **Trial** ⬅️143—Conflicting evidence will not support directed verdict.

Conflicting evidence upon an issue will not support directed verdict.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Suit by H. S. Pearson against the Prudential Life Insurance Company of Texas. To review decree for plaintiff, defendant brought error in the Court of Civil Appeals, which affirmed (188 S. W. 513), and defendant brings error. Judgment of the district court and Court of Civil Appeals reversed, and cause remanded to the district court on recommendation of the Commission of Appeals.

Jas. A. King, of Austin, Mathes & Williams, of Plainview, and Milton H. West, of Brownsville, for plaintiff in error.

L. R. Pearson, of Ranger, and C. D. Russell, of Plainview, for defendant in error.

McCLENDON, J. This action was brought to rescind a subscription contract for 16 shares of the capital stock of the defendant, Prudential Life Insurance Company of Texas, and to cancel a $3,200 note and trust deed upon 640 acres of land; which note and trust deed were executed by plaintiff, H. S. Pearson, in payment for the stock. The trial court rendered judgment for plaintiff, granting the relief prayed for, upon a directed verdict; which judgment the Court of Civil Appeals affirmed. 188 S. W. 513. The errors assigned challenge the correctness of the trial court's action in directing a verdict for plaintiff.

Two grounds for relief were asserted by plaintiff: First, that he was induced by fraudulent representations to purchase the stock; and, second, that the note and trust deed did not constitute "property actually received," within the meaning of section 6 of article 12 of the Constitution of Texas.

[1] Defendant is within the class of corporations whose capital stock can consist of first mortgages upon real estate worth double the amount of the loan. It is not questioned that the trust deed complied in every respect with our statutes in this regard. With respect to plaintiff's second ground for relief the case is therefore ruled by the decision in General Bonding & Casualty Insurance Co. v. Moseley, 222 S. W. 961, decided by the Supreme Court on May 5, 1920.

[2] The evidence upon the issue of fraud was conflicting, and will not support the directed verdict.

We conclude that the judgments of the district court and Court of Civil Appeals should be reversed, and the cause remanded to the district court for further trial.

PHILLIPS, C. J. We approve the judgment recommended in this case, and the holding of the Commission on the question discussed.