**SOUTHERN SURETY CO. v. DIERCKS
et ux.   (No. 2714.)***

(Court of Civil Appeals of Texas. Texarkana.
March 29, 1923. Rehearing Denied
April 19, 1923.)

**1. Trial ☞194(11)—Instruction that "confinement to house" in health insurance policy did not mean literal confinement held not error.**

In an action on a policy insuring against being confined to a house by sickness under treatment of a physician, and being unable to work, where the insured was unable to work, and left the house only on the advice of a physician, for exercise, an instruction that "confinement to the house" did not mean a constant literal restraint therein, and that an occasional visit to a physician's office for treatment and taking exercise and walking as a part of the treatment would not necessarily mean that the insured was not confined to the house within the meaning of the policy, was not erroneous as being on the weight of evidence.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Confined to the House.]

**2. Contracts ☞176(1)—Court should construe written contract when language should not be literally applied by jury.**

Where a contract was in writing, it was the duty of the court to construe it when its terms were such that the language should not be literally applied by the jury.

Appeal from District Court, Hunt County; Newton Phillips, Judge.

Action by Frederick A. Diercks and wife against the Southern Surety Company. From judgment for plaintiffs, defendant appeals. Affirmed.

Harrell & Starnes, of Greenville, for appellant.

Evans & McCoy, of Greenville, for appellees.

HODGES, J. [1] In April, 1920, the appellant issued to the appellee a policy of insurance, which contained the following stipulation:

"If any sickness contracted by the insured during the term of this policy, when the insured is regularly treated by a legally qualified physician, necessarily and continuously confines the insured within the house, necessitating treatment thereat for a period beginning during said term, and prevents the insured throughout the period of such confinement from performing any and every kind of duty pertaining to his occupation, the company will pay the insured for the period of such

confinement not exceeding twelve consecutive months the monthly indemnity specified in part 1."

The amount specified in "part 1" is $100 per month. In May, 1920, the appellee began suffering from an attack of rheumatism, which she claimed continued for more than 12 months, and which disabled her in the manner provided for in the policy. Upon the refusal of the appellant to pay the indemnity demanded this suit followed. There were other findings upon other issues, which need not be referred to as they are not involved in this appeal.

As explanatory of the provision of the policy the court gave the following instruction:

"Confinement to the house does not necessarily mean a constant literal restraint within the house; and an occasional visit to the office of her physician for treatment, or taking exercise and walking as a part of the plaintiff's treatment would not necessarily mean that she was not at such times confined to her house as contemplated by the policy or contract in evidence in this case."

[2] A judgment was entered in favor of the appellee for $1,200, together with the damages and attorney's fees provided for by statute. It is contended in this appeal that the explanatory provisions of the charge above referred to were upon the weight of the evidence, and practically instructed a finding in favor of the plaintiff. This contract being in writing, it was the duty of the court to construe it, when its terms were such that the language should not be literally applied by the jury. The construction authorized by the court was, as it should have been, with reference to the facts disclosed by the evidence, not with reference to some hypothetical facts of which there was no proof. The court did not tell the jury that the facts referred to were true. The jury might have disbelieved the plaintiff and found against her without violating those instructions. If the rule of construction was abstractly correct, there was no error in making a practical application of it.

Mrs. Diercks, the plaintiff, testified, in substance, that she and her husband were engaged in the tailoring business, and her compensation amounted to $25 per week. On the 23d of May, 1920, after this policy was delivered to her, she became afflicted with rheumatism, which confined her for some time to her bed. She was under the treatment of a regularly licensed physician for rheumatism during a period of 14 months from the 23d day of May. During that time she was not able to perform any of the duties of her occupation. She was at the sanitarium for two weeks; the remainder of the time she was at home. During that period she was up and down, and out of the house whenever she could go. Her physician advised her not to give up, telling her that if she went to bed she would get so that she could not walk at all; that she must keep going. She did not attempt to do anything or take any exercise except in pursuance of the doctor's orders. She went to the sanitarium for treatment, using a service car as a mode of conveyance, but sometimes walked, on days when she felt better. Her physician testified that the appellee was under his treatment from the 23d of May, 1920, for three months, almost every day, and was thereafter treated at intervals for rheumatic troubles. She had rheumatism, inflammatory and articular. She was rendered wholly physically unable to perform any kind of work or labor of any character from the 24th of May, 1920, until and including May 23, 1921. While under his treatment she was incapacitated for any kind of work or labor that required standing, sitting, or strenuous exercise. She was, in his opinion, necessarily confined to her house and in his sanitarium, and required treatment for one year from his first visit on May 23, 1920. She was prevented from performing her work pertaining to her household duties and in her husband's tailoring business during that period. He advised her to take exercise in reasonable amount and of a certain kind; he thought that it would be beneficial.

We are of the opinion that there was no error in the instruction given. The courts have repeatedly held that the language used in contracts of this character is not to be given a literal construction. Breil v. Claus Groth Plattdutschen Vereen, 84 Neb. 155, 120 N. W. 905, 23 L. R. A. (N. S.) 359, 18 Ann. Cas. 1110, and cases cited in notes; Columbian Relief Fund Ass'n v. Gross, 25 Ind. App. 215, 57 N. E. 145.

Appellant also assigns error on the court's definition of the words "total disability." That language, however, referred to disability which existed for a few months after "confinement to the house," and during which time the insured was "totally disabled" to resume business. Since the jury found under that clause of the policy which provided compensation for disability confining her in the house, it is unnecessary to discuss the effect of this other provision of the charge. It is not contended in appellant's brief that the evidence was not sufficient to justify the finding of the jury.

The judgment will therefore be affirmed.