**INTER–OCEAN CASUALTY CO. v.
BROWN.** *

No. 10698.

Court of Civil Appeals of Texas. Dallas.
July 12, 1930.

Rehearing Denied ·Oct. 4, 1930.

· J. E. Newberry, ·of Dallas, for appellant.

White & Yarborough, of Dallas, for appellee.

, JONES, O. ·J.

Will Brown, appellee, brought suit in a district court of Dallas county to recover for total disability on a life, health, and accident insurance policy, and judgment was rendered in his favor against appellant, Inter-Ocean Casualty Company, for the sum of $1,135.57, with interest from date of judgment at the rate of 6 per cent. per annum. The judgment included the amounts of $100.24 as statutory ·penalty, $200 as attorney fee, and $835.33 for the alleged disability. The following statement is sufficient to understand ·the issues involved:

Appellee, a colored man, was in the employ of the Texas & Pacific Railway Company as trucker at the railway company's depot in the city of Dallas. On July 9, 1928, appellee · received serious and painful injuries while working in his employment. He was at once taken to the railway company's hospital at. Marshall, where he remained for approximateiy four weeks. One of the injuries received was a hernia of the right side, ·and an operation was performed at the hospital, which relieved this injury. Appellee testified to having received other injuries to his back and kidneys, and claimed that these other injuries, independent of the hernia, totally disabled him from performing any and every duty pertaining to· his occupation as a trucker. His testimony as to his physical condition and ability to work tended to establish such claim within the meaning of the term "continuous and total disability," as such term is used in insurance policies.

Appellee's petition did not contain an allegation to recover the specific benefit allowed

*Writ of error granted.

by the policy because of hernia, but sought to recover because of immediate, continuous, and total disability occasioned by the other injuries alleged to have been received on the occasion of the accident. Appellee testified, and it is undisputed, that he had entirely recovered from the hernia after the elapse of a few weeks following the operation in the hospital.

Appellee admitted that, in the early part of 1923, long prior to the issuance of the policy in suit, he was suffering from hernia on his left side, and that at said time he was operated on, with the result of a complete cure. The application made out for the issuance of this policy does not disclose that appellee had theretofore had such injury, or that he had been operated upon for same, but affirmatively shows that he had undergone no surgical operation. Appellee's testimony is that he informed the agent of appellant, who came to his house and solicited the insurance, of the fact that he had suffered a hernia on his left side in 1923, and had been operated on and entirely cured; that said agent was directing appellee's wife, who was writing the answers to the questions in the application, and he directed her to write the word "no" after the question which sought to elicit this information; that the agent explained that he knew appellee was entirely well or he would not be able to work for the Texas & Pacific Railroad, and that for this reason he directed that the answer be made "no." Appellant denied any liability because of this misrepresentation and pleaded such misrepresentation as a defense to appellee's suit.

The evidence, in our opinion, is sufficient to show that proper proof and notice of the injury were sent to appellant, though appellant contends otherwise in its defensive pleadings. In August 1928, after the injury on July 9th preceding, appellee visited appellant's office in Dallas and was informed by appellant's agent in charge that there was no liability on the policy, and denied appellee's demand for payment.

Parts (a) and (b) of section 2 of the policy are the clauses involved in this case and read, respectively, as follows:

"Part A. If 'such inquiry' shall not result in any of the losses above specified, but shall from date of the accident immediately, continuously and totally disable and prevent the insured from performing any and every duty pertaining to the insured's business or occupation, and if regularly attended by a legally qualified physician or surgeon, the Company will pay for the period of such continuous total disability, not exceeding twenty-four consecutive months, indemnity at the rate specified above.

"Part B. If 'such inquiry' shall not from date of accident, But shall within not more than thirty days thereafter, continuously and totally disable the Insured or if 'such injury' shall, commencing on date of accident or immediately following total disability, disable and prevent the insured from performing one or more important duty or duties pertaining to the Insured's business or occupation, the Company will pay for the period of such disability, not exceeding six consecutive months, one-half of the amount provided in Part A of this section, provided the Insured is regularly attended by a legally qualified physician or surgeon during the full period of such disability."

It appears that appellee was not attended by a physician or surgeon after his return from the hospital at Marshall. His claim in this respect is that he was unable to work and earn money after his injury, and, because of this fact and the further fact that appellant would not pay the monthly indemnity, he was unable to secure medical service.

From the date of the injury, July 9, 1928, to April 1, 1929, appellee, because of his injury, did not attempt to do any character of work. About April 1, 1929, he was employed by the Texas & Pacific Railway Company to do some very light work, such as sweeping, etc. His testimony is that he was unable to do this work and suffered a great deal of pain in his back and other parts of his body, but that he was compelled to do something in order to pay house rent and obtain the necessities of life.

Appellant requested peremptory instructions in its favor, which were refused, and objected to the submission of any issues to the jury. The case was submitted on special issues, on which the jury made the following findings: (1) Appellee informed appellant's agent that he had suffered a hernia about five years previous to the application for insurance with appellant; (2) the answer "no" to the question as to whether appellee ever had a hernia was placed in the application for insurance with the knowledge and consent of appellant's agent; (3) on or about July 9, 1928, while engaged in handling freight for the Texas & Pacific Railway Company, appellee sustained through accidental means a bodily injury; (4) the injury sustained resulted, directly and exclusively of all other causes, in immediate and continuous disability that prevented appellee from performing any duty pertaining to his business or occupation; (5) such disability did not result directly or indirectly from the hernia; (6) appellee was totally disabled from July 9, 1928, down to and including the time of the trial. These findings are supported by evidence and are adopted as the findings of this court. The court overruled appellant's motion for a new trial and entered the judgment above described.

Special issue No. 4 was submitted in the following language:

"Do you find from a preponderance of the evidence that said bodily injury, if any you have found, resulted directly and exclusively of all other causes in immediate, continuous and total disability that prevented Will Brown from performing any duty pertaining to his business or occupation"?

"In connection with your consideration of the above special issue you are instructed that the phrase 'total disability that prevented Will Brown from performing any and every duty pertaining to his business or occupation,' as above used, is meant, such disability as would prevent Will Brown from performing substantially or to a material extent any and every part of the business pertaining to his occupation or such disability as that ordinary care in the preservation of his life and health would require him to desist from the performance thereof."

Appellant assigned error on the refusal of the court to give the requested peremptory instructions, on the ground that (a) because of the misrepresentations of appellee in his written application for insurance in respect to his previous hernia and operation therefor; (b) because the undisputed evidence shows that the only injury received was a hernia, and appellee's petition contained no allegations for recovery by reason of such injury; (c) because the undisputed evidence shows that no proper proof of injury was made by appellee, and that no notice of the injuries on which the recovery is sought was made to appellant.

Appellant also contends that, in any event, the case should be reversed, because (a) of the refusal of the court to submit certain requested special issues of appellant; (b) because the undisputed evidence shows that, except for the time while appellee was in the hospital, he was not under the care of a physician or surgeon, required by the policy as a necessary prerequisite for the recovery for total disability; (c) because the written notice, required as a basis for the recovery of the statutory 12 per cent. damages, was not given in this case; (d) because no issue was submitted to the jury as to the amount of a reasonable attorney fee; (e) because of error in the submission of special issue No. 4, in that the jury was only required to find that appellee was prevented from performing any duty pertaining to his business or occupation, when the policy required that he be prevented from performing any and every duty, etc., and, further, because of error in the definition given in connection with special issue No. 4, in that it is not such a definition of the term defined, as is contemplated by the policy of insurance.

■ Under the facts of this case, it was not error to refuse appellant's requested peremptory instructions, because of the alleged misrepresentations of appellee in the application for insurance. It is true that the evidence is undisputed that appellee was operated upon for a hernia early in the year 1923, and that the application in effect stated that appellee had not previously suffered a hernia and had not previously undergone an operation. If these were all the facts developed at the trial in respect to such misrepresentation, then appellant's contention would have to be sustained. The jury found, however, and we must treat such finding as a fact in this case, that appellant's agent who solicited and obtained the application was informed by appellee of the previous hernia and of the operation on account thereof, and that the statement to the contrary in the application was made with the knowledge and consent of appellant's agent. In fact, the evidence of appellee goes beyond this and, in effect, shows that such answer was made under the direction of said agent, because of the fact that the operation had effected a complete cure. The only inference to be drawn is that the answer to the questions in the application seeking this information is the answer of appellant's agent, made with full knowledge of the facts. Insurers cannot repudiate their policies on the ground of a misstatement by the insured, if he truly stated the facts to the agent at the time of applying for the policy, and the agent either himself drew up, or directed the drawing up of, the application differently from the facts stated. Home Insurance & Banking Co. v. Lewis, 48 Tex. 622; Massachusetts Bonding & Ins. Co. v. Worthy (Tex. Civ. App.) 9 S. W. (2d) 388, 389; Western Assurance Co. v. Rector, 85 Ky. 294, 3 S. W. 415; Sprott v. New Orleans Ins. Ass'n, 53 Ark. 215, 13 S. W. 799. This ground for peremptory instructions is overruled.

The undisputed evidence does not show, as contended by appellant, that the only injury received by appellee on the occasion in question was a hernia. On the contrary, appellee's evidence is direct and positive, to the effect that other and graver injuries were received by him. This ground of the motion, is overruled.

■ The record discloses, we think, that proper proof of the injury was made by appellee within the time required by the policy, and that notice of such injury was made to appellant; however, the undisputed evidence shows that, within approximately a month after the injury, appellant denied all liability on the policy, and this refusal rendered unnecessary the filing of the required proof of loss. Western Indemnity Co. v. MacKechnie (Tex. Civ. App.) 185 S. W. 615; Illinois Bankers' Life Ass'n v. Floyd (Tex. Com. App.) 222 S. W. 967; Woodall v. Pacific Mutual Life Ins. Co. (Tex. Civ. App.) 79 S. W. 1090; General Acc. Ins. Co. v. Hayes, 52 Tex. Civ. App. 272, 113 S. W. 990; American Nat. Ins. Co. v. Bird (Tex. Civ. App.) 174 S. W. 939. The statutory written notice was given by appellee

that claim would be made for 12 per cent. damages, and for a reasonable attorney fee.

We do not believe there was error in refusing the requested special issues, for the reason that the issues required to be submitted were evidentiary and not necessary to supplement the main charge, in which was submitted all of the ultimate issues of fact made by the pleadings and evidence.

■ Special issue No. 4, perhaps, was defective in form, in that it did not follow the language of the policy in respect to the issue of appellee's total disability. We believe, however, that the form in which this issue was given is in substantial compliance with the terms of the policy, as there is no material difference in the phrase "prevented from performing any duty pertaining to his business or occupation," as contained in the court's charge, and the phrase "prevented from performing any and every duty pertaining to his business or occupation," as contained in the policy. The jury could hardly have been misled by the omission of the words "and every" from the issue submitted; however, if there were error in this submission, such error was cured by the definition given in connection with the issue submitted, as the definition contains the exact words of the policy, and thereby effectively cures any error committed because of the omission.

■ Did the failure of appellee to place himself constantly under the care of a physician or surgeon preclude him from recovering for total disability during the period that he was not under such care? Similar clauses in insurance policies of this kind have been differently construed by courts of other jurisdictions. Some courts hold such a clause to be a condition precedent to a recovery; others hold that a failure by the injured party to place himself continually under the care of a physician is conclusive of the fact that there was no total disability during such period. Other courts hold that such clause is merely evidentiary in its effect, and does not necessarily preclude a recovery for total disability if its terms are not complied with by the injured party. The latter holding appears to be the rule adopted in this state. Federal Surety Co. v. Waite (Tex. Civ. App.) 297 S. W. 312; Southern Surety Co. v. Diercks (Tex. Civ. App.) 250 S. W. 755 (writ of error denied by the Supreme Court). We shall follow what we understand to be the rule announced by the above cases.

■■ If it is evidentiary in respect to the issue of total disability, then it necessarily follows that the highest probative force to be given such a clause in an insurance policy is to hold that, when the failure to have the medical attention required by the terms of the clause is shown, a prima facie case that the injured party did not suffer total disability from the injury is made for the insurer. It cannot be said that this prima facie case is conclusive and cannot be rebutted by competent evidence, for then the effect of the failure of the insured in this respect would be conclusive against the claim of total disability, and not a matter merely evidentiary as to the existence or nonexistence of a fact. In the instant case, direct and positive evidence was given by appellee, rebutting the prima facie case in favor of appellant made by the legal effect of appellee's failure to comply with the terms of this clause. If appellee had been under the care of a physician during the entire period claimed for total disability, and said physician had testified that appellee was not totally disabled within the meaning of the policy, and there had been other and positive evidence to the contrary, undoubtedly there would have been a disputed issue of fact in respect to total disability to be determined by the jury. We cannot give to the fact of the failure of appellee to place himself under the constant care of a physician any higher significance than should be given to the testimony of an attending physician, to the effect that appellee was not so disabled. In the instant case, there was an issue of disputed fact for the jury to pass upon, and, the jury having resolved such issue in favor of appellee, we are not authorized to disturb the finding.

■ Did the court err in giving the charge in the nature of a definition of the term "total disability," in connection with special issue No. 4? We do not think so. The definition has been approved by our own courts. North American Acc. Ins. Co. v. Miller (Tex. Civ. App.) 193 S. W. 750. 14 R. C. L. 1316, in discussing the rule as announced in the cited cases, says: "On the contrary, these courts, giving consideration to the object of the contract, hold that the 'total disability' contemplated by the agreement is inability to do substantially all of the material acts necessary to the prosecution of the insured's business or occupation in substantially his customary and usual manner. If the prosecution of the business requires the insured to do several acts and perform several kinds of labor, and he is able to do and perform one only, he is as effectually disabled from performing his business as if he were unable to do anything required to be done, and while remaining in that condition he suffers loss of time in the business of his occupation. Nor does the provision contemplate absolute physical inability to transact any kind of business pertaining to one's occupation, but it is sufficient if his injuries are such that common care and prudence require him to desist from transacting any such business in order to effect a cure. And the fact that the insured may be able for an inappreciable period of time to perform his accustomed labor does not prevent a recovery, where he

is actually totally disabled from following any avocation."

It must be borne in mind that the clause of the insurance policy under consideration declares that the injury must be such as to "prevent the insured from performing any and every duty pertaining to the insured's business or occupation. * * *" The business or occupation of appellee at the time of the injury was that of a trucker, and there is evidence clear and positive, to the effect that appellee sustained such injuries as would prevent him from performing "any and every" duty pertaining to trucking. We believe the finding of the jury on the issue of "total disability" is supported by evidence, and that the definition given by the trial court is not subject to the criticism urged by appellant.

■ The court did not submit to the jury the issue as to what would be a reasonable attorney fee for the prosecution of appellee's claim against appellant, but, under the undisputed evidence, found that such reasonable attorney fee is the sum of $200. The evidence in reference to such attorney fee was given by one witness and apparently accepted by appellant at the time of the trial as stating a reasonable sum for such work, for no contrary evidence was offered. Under this state of the record, the court was not required to submit the issue to the jury, but could make the finding and allow the attorney fee under this undisputed evidence.

■ Appellee presented what is termed "supplemental assignments of error." These were not presented in the motion for a new trial, but were prepared and filed after the judgment had become final. Under such condition, we cannot consider such assignments of error. We have carefully examined all assignments of error that we are authorized to consider, with the result that we find no reversible error. We therefore conclude that the judgment should be affirmed.

Affirmed.