## AMERICAN NATIONAL INS. CO. v. BRIGGS.
### No. 2536.

Court of Civil Appeals of Texas. Beaumont.. April 19, 1934.

Rehearing Denied April 25, 1934.

492

Barnes & Barnes, of Beaumont, for appellant.

A. L. Shaw and Jones & Linscome, all of Beaumont, for appellee.

WALKER, Chief Justice.

Appellee, Arthur Briggs, was born in 1890. While engaged in unloading sawlogs for his employer, Peavy-Moore Lumber Company, on the 24th day of March, 1930, he was struck by the logs and knocked a distance of about 15 feet, from which he suffered serious bodily injuries. On the 17th day of February, 1928, appellant, American National Insurance Company, issued to appellee its health and accident policy which was in full force and effect at the time he was injured. By this policy, for personal injuries, appellant was obligated to pay appellee: "In consideration of the statements in the application herefor, copy of which is endorsed hereon, and which is made a material part hereof, and the payment in advance of a Premium of $1.95 and a Policy fee of Two Dollars. Does hereby insure Arthur Briggs. Subject to all the conditions herein contained and endorsed hereon, from 12:00 o'clock noon, standard time, of the day this contract is dated, until 12:00 o'clock noon, standard time, of the 15th day of March 1928, and for such further periods, stated in the renewal receipts as the payment of the premium specified in said application will maintain this policy and insurance in force, against *death or disability* resulting directly and exclusively of all other causes, from *bodily injury* sustained solely through *external violent and accidental* means, said bodily injury being hereinafter referred to as *such injury*," and against death and disability from any bodily disease or illness as follows:

" * * * (C) At the rate of Thirty Dollars per month, for the period during which such injury alone shall, from date of accident, wholly and continuously disable and prevent the Insured from performing any and every duty pertaining to any business or occupation, provided that during such period of total disability the Insured shall have received attention at least once in every seven (7) days from a legally qualified surgeon.— $30.00.

"(D) Or, if such injury alone shall wholly and continuously, from date of accident, disable and prevent the Insured from performing one or more important daily duties pertaining to any occupation, or in event of like disability, immediately following total loss of time, the Company will pay the Insured for the period of such partial disability, not exceeding six consecutive months at one-half the rate specified in paragraph (c), provided that during such period of partial disability the Insured shall have received attention at least once in every seven (7) days from a legally qualified surgeon.—$15.00."

This suit was filed by appellee on this policy of insurance against appellant and Washington National Insurance Company of Chicago, Ill., on allegations that Washington National Insurance Company had assumed the insurer's liability; that appellee had suffered permanent total disability as the result of the injuries above referred to; that he had given due notice to both defendants of his claim and demanded payment; that payment was refused by both defendants; that as a result of the refusal he had the right to, and therefore did, mature all payments to be made in the future under the terms of the policy; that he had a reasonable life expectancy of twenty years, making defendants due him the sum of $30 per month for 240 months; that

because of their refusal he was entitled to, in addition to the principal sum of the policy, 12 per cent. damages and reasonable attorney's fees. The jury found that on the 24th day of March, 1930, appellee sustained "accidental personal injuries" resulting in his total and permanent disability by which he "will be wholly and continuously disabled and prevented from performing any and every duty pertaining to any business or occupation"; such disability was not the result of syphilis; appellant refused to pay appellee the monthly installments at the rate of $30 per month, as provided by the terms of the policy; appellee's life expectancy was 6 years.

On the 9th day of March, 1933, on the verdict of the jury, appellee was awarded judgment against appellant for $600, as the .amount of matured installments, and that he should also "recover the further sum of $2,-160.00 as anticipatory damages by reason of the repudiation and breach of said contract of insurance, with the sum of $331.20 as penalty for said breach, and the sum of $300.00 as attorneys' fees, amounting in the aggregate sum of $3391.20." No proof was offered by appellee to sustain his allegations against Washington National Insurance Company, and, as no issue was submitted to the jury against that defendant, judgment was entered in its favor, against which there is no complaint on this appeal.

■ The court erred in refusing to strike from appellee's petition his claim for "anticipatory" damages; that is, for the installments not matured on the date of trial. His cause ·of action in this suit was limited by the terms of the policy to the monthly payments of $30 which had matured at the date of the judgment. Where the conditions of an insurance policy are that its benefits are to be paid in monthly installments or on specified dates, maturing after the occurrence of the event insured against, the refusal to pay, that is, the denial of liability. under the policy by the insurer, does not accelerate the maturity of future installments. A most satisfactory discussion of this proposition is found in Howard v. Benefit Ass'n, 239 Ky. 465, 39 S.W. (2d) 657, 81 A. L. R. 375, by the Court of Appeals of Kentucky. On identical facts, discussing this proposition, in New York Life Insurance Co. v. English, 96 Tex. 268, 72 S. W. 58, our Supreme Court said: "A contract for the payment of money will not support an action until it becomes due and payable according to its terms. * * * We have not been able to find any precedent, nor any principle of law, which would permit suit upon the install-

ments of this policy which had not matured because there had been a failure to pay the first." This case by our Supreme Court was recognized as controlling authority by the Commission of Appeals in Pollack v. Pollack, 46 S.W.(2d) 292.

Appellant was not entitled to an instructed verdict on the grounds that: (a) The "overwhelming preponderance of the evidence is so contrary to the finding that appellee is suffering incapacity because of an accidental injury that the verdict and judgment are manifestly wrong, then appellant is entitled to have its motion for an instructed verdict granted"; (b) the record showing by "the undisputed evidence that appellee's incapacity was not due to an injury alone, it was error on the part of the trial court to have refused to instruct the jury as requested in appellant's motion for an instructed verdict." The issues upon which these propositions are based were so clearly raised by the evidence that it would serve no useful purpose to bring forward the testimony in this opinion.

■ It clearly appears from the conditions of the policy copied above that the payment of $30 per month·was to be made on condition that appellee "received attention at least once in every seven (7) days from a legally qualified surgeon." Appellee failed to plead and prove that he received the surgical attention thus provided for. But this omission on his part did not entitle appellant to an instructed verdict. Provisions of this nature are not construed by our courts as conditions precedent to recovery by the claimant, but are construed as merely evidentiary in their effect upon the claimant's cause of action. Inter-Ocean Casualty Co. v. Brown (Tex. Civ. App.) 31 S.W.(2d) 333–337; Federal Surety Co. v. Waite (Tex. Civ. App.) 297 S. W. 312; National Benev. Soc. v. Price (Tex. Civ. App.) 32 S.W.(2d) 683; American Fidelity & Casualty Co. v. Williams et al. (Tex. Civ. App.) 34 S.W.(2d) 396; Southern Surety Co. v. Diercks (Tex. Civ. App.) 250 S. W. 755; Provident Ins. Co. v. Shull (Tex. Civ. App.) 62 S.W.(2d) 1017, 1018.

■ Appellant is in error in its construction of appellee's petition to the effect that liability was pleaded only against Washington National Insurance Company, and by the express allegations of the petition appellant was relieved of liability. Appellee's pleadings were merely to the effect that appellant issued and delivered to him the policy and was still liable thereon, and that Washington National Insurance Company was liable by reason of its assumption of the policy. That

Washington National Insurance Company had thus assumed the insurer's obligations did not relieve appellant of liability to appellee; in Washington Life Insurance Co. v. Lovejoy (Tex. Civ. App.) 149 S. W. 398, it was held, quoting sixth syllabus: "It is not within the power of an insurer, against the consent of the insured, to substitute another insurer in the carrying out of its undertakings."

■ Again referring to clause C of the policy copied above, it appears that the $30 per month was to be paid only in the event the injury complained of should "wholly and continuously disable and prevent the insured from performing any and every duty pertaining to *any business or occupation*." The issue of appellee's total disability was submitted by question No. 2, reading: "Do you find from the preponderance of the evidence that said accidental injuries to the plaintiff, if any, resulted in total disability of the plaintiff Arthur Briggs?" In connection with this question the court submitted the following definition of total disability: "In connection with the foregoing Question Two, you are Instructed that the phrase 'total Disability' means that disability preventing the plaintiff from performing substantially or a material extent, any and every part of business pertaining to his occupation, or such disability as ordinary care in preservation of his life and health would require him to desist from performance thereof." Appellant duly excepted to this definition on the ground that it used the term "his occupation," instead of the language of the policy copied above in italics, "any business or occupation." The exception was well taken. In Metropolitan Life Insurance Co. v. Wann (Tex. Civ. App.) 28 S.W.(2d) 196, 199, the court said:

"In Buckner v. Jefferson Standard Life Ins. Co., 172 N. C. 762, 90 S. E. 897, it is said: 'The authorities are practically unanimous that under the terms of this policy plaintiff cannot recover without showing a bodily injury that will incapacitate him, not only from following his usual avocation of fireman, but also from pursuing any other gainful occupation. The language is too plain, and the meaning too unmistakable, to permit an enlargement of the terms of the contract by construction. It is unfortunate for the plaintiff, but "it is so nominated in the bond." '

"In 4 Cooley's Briefs, p. 3293, it is said:

'The provision may limit total disability to the inability to carry on any and all kinds of business. Under such a clause the insured must be unable to perform, not only the duties of his usual occupation, but the duties of any other occupation.' "

The definition given by the court appears to have been taken from Inter-Ocean Casualty Co. v. Brown (Tex. Civ. App.) 31 S.W.(2d) 333, 334. But that definition was submitted in the very language of the policy, which provided indemnity against accidents, that "shall from date of the accident immediately * * * prevent the insured from performing any and every duty pertaining to the *insured's business or occupation*." While in this policy the language was "from performing any and every duty pertaining to any business or occupation." Clearly the language of this policy falls directly within the proposition announced by Joyce on Insurance, as quoted in the case just cited.

■ That appellee's disability was the result of syphilis was not the only defense urged by appellant. If his disability was partly due to syphilis, then he could not recover under the conditions of the policy. This defect in the court's charge was challenged both by exception and by requested issues. Upon another trial all defenses raised by the evidence should be duly submitted.

■ On the peculiar facts of this case the court did not err in refusing to define the term "accidental injury." That appellant's injuries were "accidental" within the terms of the policy appears as a matter of law.

■ Appellee was a negro. The argument of his counsel to the jury to the effect that "it is common knowledge that 87 per cent. of all negroes are syphilitic, and that the insurance company, knowing this to be a fact, sold this policy and collected premiums, knowing that they would not pay unless this negro happened to be one of the 13%," should not be repeated upon another trial.

■ It was not error for his counsel, in the presence of the jury, to make demand upon appellant's counsel for the possession of certain reports, made to it by appellee's physician of his physical condition.

For the errors discussed the judgment of the lower court is reversed, and the cause remanded for a new trial.