## METROPOLITAN LIFE INSURANCE CO. v. GREEN.

### No. 13509.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 12, 1937.

Rehearing Denied March 12, 1937.

Leake, Henry & Young, Hawkins Golden, and Harry M. Stanfield, all of Dallas, for plaintiff in error.

W. P. McLean, Jr., Sam Woodward, Marvin B. Simpson, and Harris Brewster, all of Fort Worth, for defendant in error.

BROWN, Justice.

Appellee, Anthony A. Green, brought suit in the district court of Tarrant county, against appellant, Metropolitan Life Insurance Company, on what is known as an employees' group policy of insurance, issued by appellant to the employees of the Chicago, Rock Island & Pacific Railway Company and the Chicago, Rock Island & Gulf Railway Company, by which last-named company appellee was then employed.

The total and permanent disability benefits are provided for in the policy in the following language:

"Total and Permanent Disability Benefits.

"Under the terms of the Group Policy mentioned on page one of this Certificate, any Employee shall be considered totally and permanently disabled who furnishes due proof to the Company that, while insured

thereunder and prior to his 60th birthday, he has become so disabled, as a result of bodily injury or disease, as to be prevented permanently from engaging in any occupation and performing any work for compensation or profit.

"Three months after receipt of such proof, the Metropolitan Life Insurance Company will commence to pay to such Employee in lieu of the payment of the insurance under said policy at his death, equal monthly instalments, the number and amount of such instalments to depend upon the amount of insurance in force on the life of such Employee at such date, as shown in the following table:

| Amount of Insurance | Number of Instalments | Amount of each Instalment |
|---|---|---|
| $2,000.00 | 60 | $36.00." |

Appellee by proper averments sued for total and permanent disability, for the statutory penalty, and attorneys' fees.

The cause was tried to the court, who made certain findings of fact, incorporated same in the judgment, and rendered judgment for appellee for the monthly installments that had accrued, and for the statutory penalty and attorneys' fees on the entire sum provided for in the policy, and further rendered judgment for appellee for the future monthly installments that would accrue to appellee.

The cause is brought up by writ of error, but the parties will be designated as appellant and appellee.

Four propositions are presented for our attention:

■ (1) That the evidence establishes the fact that appellee, subsequent to his injury, causing his disability "continuously, with slight interruptions, down to the time of the termination of his insurance, and even to the trial of this cause, was engaged in the same occupation and work which he had performed long prior to his alleged injury," and is therefore not suffering from total and permanent disability within the terms and intent of the policy sued upon.

The testimony discloses that appellee was custodian of the railway station at the little town of Newark, when he sustained his injury and disability. He had complete charge of the station, and among his many duties were handling all of the incoming and outgoing freight and express, keeping premises clean, and attending the company's water pumping station, located about a mile and a half from the depot. Appellee and his family lived in the depot.

The evidence discloses that, to perform the duties required of him, appellee was forced to stand and work and lift articles, and that he engaged in physical and manual labor.

The evidence discloses that shortly after lifting some heavy freight appellee burst a blood vessel in one of his legs; that he has continuously suffered from severe varicose veins; that he cannot stand, or walk, or lift objects because of this infirmity; that his leg swells and causes him great pain; that he has been compelled to have physicians drain his leg several times since he became disabled; that he walks with a cane and limps badly; that he has not done, and cannot perform, the duties required of him in his position.

The evidence discloses that, after receiving his injury, the Railway Company did not discharge appellee. He had been a faithful employee for many years, and they retained him on the pay roll.

The evidence discloses that appellee's wife and children and friends, and persons employed by him, have discharged the strenuous duties which he is supposed to perform, since his disability was suffered.

The trial court weighed the evidence and found appellee totally and permanently disabled. The evidence supports the finding.

The insurer attempts to place a construction on the insurance contract that is so literal and narrow as that it would render relief under the same impossible of attainment except by one who is paralyzed in all of his limbs, or who has all of his limbs rendered useless by some injury.

We are in hearty accord with the pronouncement found in Great Southern Life Ins. Co. v. Johnson (Tex.Com.App.) 25 S. W.(2d) 1093, 1097, wherein Mr. Justice Ryan said:

"A policy requiring payment for total disability ordinarily is not one of indemnity against loss of income but against loss of capacity to work. * * * It does not mean absolute physical disability of the insured to transact any kind of business pertaining to his occupation, but exists if he is unable to do any substantial portion of the work connected therewith."

■ The mere fact that appellee's employer, out of consideration, no doubt, for

his long and faithful service, has kept him on its pay roll, regardless of his disabilities, in our opinion, furnishes the insurer no reason to deny liability under the contract. Had appellee's employer discharged him so soon as he became disabled, the defense here made would have never materialized. There is no obligation resting upon such employer to continue the employment for any time, and it may be terminated at the will of the employer.

We also cite Commonwealth Bonding & Casualty Ins. Co. v. Bryant, 113 Tex. 21, 240 S.W. 893; Hefner v. Fidelity & Casualty Co., 110 Tex. 596, 606, 160 S.W. 330, 222 S.W. 966; Inter-Ocean Casualty Co. v. Brown (Tex.Civ.App.) 31 S.W.(2d) 333 (writ dismissed).

■ (2) The second proposition complains of the trial court rendering judgment for the unaccrued instalments. The point is well taken. The trial court has by its judgment, attempted to bind the insurer to pay the future instalments as they mature. Premature recovery was not decreed, but the trial court could not find that the insurer is bound to pay all future monthly instalments. American Nat. Ins. Co. v. Briggs (Tex.Civ.App.) 70 S.W.(2d) 491 (writ dismissed).

■ (3) The third proposition complains of rendition of judgment for penalties and attorneys' fees. This contention was declared not well taken by this appellant in the case of Metropolitan Life Ins. Co. v. Worton (Tex.Civ.App.) 70 S.W.(2d) 216, in an able opinion by Mr. Justice Dunklin. A writ of error was denied in the case.

■ (4) The fourth proposition complains of the trial court awarding an attorney's fee computed upon the total sum of insurance provided for in the contract.

The judgment of the trial court has established the fact that appellee is totally and permanently disabled. The appellant's liability is thereby determined as to the whole contract of insurance. Unless by some stoke of fortunate circumstances appellee's infirmities are healed before the contract of insurance expires, the appellant will be compelled to pay the future installments of disability benefits.

In the instant case the total disability of appellee is established and his rights under the whole contract are fixed, unless changed circumstances alter present conditions.

The appellant, in open court, agreed that a reasonable attorney's fee would be one-fourth of whatever amount is recovered.

We hold that appellee has recovered judgment establishing his right to the benefits provided for in his entire contract of insurance, but that, being an installment contract, he is not entitled to receive any installment until same becomes due and payable.

The opinion in the case of American Nat. Ins. Co. v. Jones (Tex.Civ.App.) 83 S.W. (2d) 428 (writ refused), is persuasive of the position taken by us.

The judgment of the trial court is reformed so as to strike from the judgment the following provisions: "It is further ordered, adjudged and decreed that the plaintiff, Anthony A. Green, recover judgment of and from the defendant, Metropolitan Life Insurance Company, for fifty-four additional installments of $36.00 each, same payable monthly, first installment due and payable on the 16th day of November, 1935, and on the 16th day of each successive month thereafter until the said fifty-four installments have been paid and retired."

As so reformed, the judgment is affirmed.

The costs of appeal are assessed equally as against appellant and appellee.