**WORLD INS. CO. v. JOHNSON.**

No. 11588.

Court of Civil Appeals of Texas.
San Antonio.

Feb. 20, 1946.

Rehearing Denied March 13, 1946.

Bennett & Klein, of San Antonio, for appellant.

G. Woodson Morris, of San Antonio, for appellee.

MURRAY, Justice.

This suit was instituted by Charles L. Johnson against the World Insurance Company, on a disability policy issued by it, seeking to recover indemnity for total disability and total loss of time from November 1, 1944, until December 31, 1944, caused by sickness resulting from an impacted wisdom tooth. The tooth was treated by one dentist and extracted by another dentist who is described as a dental surgeon. Plaintiff also asked for a 12% penalty and $150 attorney's fees. The defendant answered by a general denial only. The policy, in the first paragraph thereof, provided for general coverage of loss of time caused by accident or sickness, subject to limitations thereafter contained. In a subsequent paragraph of the policy is found a so-called limitation, among others, that "This policy does not cover * * * disability * * * while the Insured is not continuously under the professional care and regular attendance at least once a week, beginning with the first treatment, of a licensed physician, surgeon, chiropractor or osteopath * * *." At the trial the Insurance Company defended under this so-called limitation of liability contained in the policy, contending that plaintiff's being under the care of a dental surgeon did not meet the requirement of this limitation.

The trial was before the court without the intervention of a jury and resulted in judgment in plaintiff's favor for $138.76

for loss of time, $16.65 penalty, and $75 attorney's fees. No findings of fact and conclusions of law were requested and none were made. From that judgment World Insurance Company has appealed.

Appellant presents but one point, which reads as follows: "The main and sole contention in this appeal to the Court is that the trial Judge erred in ruling that a dentist or a Doctor of Dental Surgery is a surgeon within the meaning of the insurance policy and within the meaning of the Statutes of this State."

 Appellant seems to presume that the so-called limitation in the policy constituted a condition precedent to a recovery. In this presumption appellant is mistaken. The courts of this State have held that such provisions in accident and health insurance policies are only "evidentiary." What was said in Federal Surety Co. v. Waite, Tex. Civ.App., 297 S.W. 312, 317, is in point: "Its major purpose was to indemnify appellee for loss of time, occasioned by a total incapacity to labor arising from sickness. The insurance company had the clear right to prescribe the kind and character of evidence which would with the greatest certainty establish the fact of loss of time so occasioned when claimed. This it did in the present case by in effect requiring proof of a sickness necessitating confinement in the home and attendance therein of a physician. These provisions are termed 'evidentiary' in some of the decisions and have no other reason fairly assignable for their presence in the contract. Where the facts of total incapacity and loss of time are otherwise established without dispute, or contest, as in the case here, reversible error should not be made to rest alone on the mere failure to establish the vital fact by the evidentiary instrumentalities prescribed in the contract. It would be doubtless otherwise in cases where the loss of time and incapacity to labor is questioned or left in doubt." Other authorities to the same effect are: Inter-Ocean Casualty Co. v. Brown, Tex.Civ. App., 31 S.W.2d 333; Southern Surety Co. v. Diercks, Tex.Civ.App., 250 S.W. 755; Provident Ins. Co. v. Shull, Tex.Civ.App., 62 S.W.2d 1017.

No question is presented as to the sufficiency of the evidence to support the implied finding of the trial judge that plaintiff actually sustained the total incapacity and loss of time claimed by him.

Appellee contends that inasmuch as appellant did not plead affirmatively in its answer the so-called limitation it thereby waived the same, under the provisions of Rule 94, Texas Rules of Civil Procedure. The provision in the policy being evidentiary in its nature, it is not such an affirmative defense as is required to be plead under the provisions of said Rule 94.

In view of what has been said, we find it unnecessary to determine whether or not treatment by a dentist would meet the requirement in the policy to the effect that before there could be liability on the part of appellant the claimant would have to show that he had been under the professional care and regular attendance of a licensed physician, surgeon, chiropractor or osteopath.

The judgment is affirmed.