## PROVIDENT INS. CO. v. SHULL.

### No. 4051.

Court of Civil Appeals of Texas. Amarillo.
June 28, 1933.

Rehearing Denied Sept. 6, 1933.

R. R. Robertson, of Dallas, for plaintiff in error.

Henry L. Ford, of Amarillo, for defendant in error.

JACKSON, Justice.

Mrs. Ella Shull recovered judgment in the county court at law of Potter county for $460.66 against the Provident Insurance Com-pany on a policy naming her as beneficiary,

issued to her husband, C. H. Shull, before his death, and among other things indemnifying him for loss of time on account of sickness.

No complaint is made of the sufficiency of Mrs. Shull's pleading, and the insurance company answered by general demurrer and general denial.

The plaintiff in error contends that, under the evidence and the terms of the policy, defendant in error is not entitled to a judgment against it because she failed to prove that the insured was at any time treated by a licensed, practicing physician.

The provisions of the policy material to a consideration of the contention of plaintiff in error are as follows:

"Total Disability—Confining Sickness. Article III.

"Section 1. If such sickness, directly, independently and exclusively of all other causes, continuously confines the Insured within doors and totally disables him from performing any and every kind of duty pertaining to his occupation, the Company will pay him at the rate of $100.00 a month so long as he lives and suffers such continuous, total confining disability. * * *

"Standard Provisions. Article VII.

"Section 7. Indemnity for total disability under this policy, for sickness or accident, shall commence with the first visit of a regularly licensed practicing physician, other than the insured, or a relative, at his place of confinement, and shall not accrue in excess of the time the insured is, by reason of 'injury' or 'sickness', under actual, continuous visits of such physician at his place of confinement."

The case was submitted to the court without the intervention of a jury, and his findings of fact essential to a disposition of this appeal are, in substance, that the policy was duly issued; that C. H. Shull was named as the insured and Mrs. Ella· Shull as beneficiary; that, while the policy was in full force and effect on February 1, 1932, the insured became sick; that such sickness was contracted fifteen days after the date of the policy, and directly, independently, and exclusively of all other causes continuously confined the insured within doors and totally disabled him from performing any and every kind of duty pertaining to his occupation from said date until his death on July 17, 1932; that on June 18, 1932, the insurer paid the insured a payment of $100 on the claim involved in this suit.

The testimony shows that an officer of the company visited the insured while he was confined to his bed in his home on account of the sickness.

There is no testimony and no finding tha the insured was treated by a practicing phys ician during the sickness involved in thi suit.

██ Authorities from some states are cit ed by plaintiff in error which sustain it contention that the defendant in error wa not entitled to recover, not having show that the insured was under a physician's car during the period of indemnity. However the decisions from other jurisdictions hold and we think they are based on the bette reason, that such a stipulation or provisio in the policy is only evidentiary in effect, an this is apparently the rule adopted in thi state. The provision of the policy pertainin to insurance against loss of time by sicknes was clearly one of indemnity.

As said by Chief Justice Conner, in Fed eral Surety Co. v. Waite (Tex. Civ. App.) 29 S. W. 312, 317: "Its major purpose was t indemnify appellee for loss of time, occa sioned by a total incapacity to labor arisin from sickness. The insurance company ha the clear right to prescribe the kind an character of evidence which would with th greatest certainty establish the fact of los of time so occasioned when claimed. This did in the present case by in effect requirin proof of a sickness necessitating confinemen in the home and attendance therein of physician. These provisions are termed 'ev dentiary' in some of the decisions and hav no other reason fairly assignable for thei presence in the contract. Where the facts o total incapacity and loss of time are ·othe wise established without dispute, or contes as in the case here, reversible error shoul not be made to rest alone on the mere failur to establish the vital fact by the evidentiar instrumentalities prescribed in the contrac It would be doubtless otherwise in case where the loss of time and incapacity to la bor is questioned or left in doubt."

The plaintiff in error does not assail th findings of the trial court, and, in effect, con cedes that the insured, as the court found was, on account of sickness, directly, inde pendently, and exclusively of all other caus es, continuously confined in his home an totally disabled from February 1, 1932, unt the date of his death July 17, 1932. The pur pose of the policy and the intention of th parties were obviously to indemnify the in sured for the time he was totally incapac tated by sickness to perform any kind of la bor pertaining to his occupation.

For other Texas cases, see Inter-Ocea Casualty Co. v. Brown (Tex. Civ. App.) 3 S.W.(2d) 333; Southern Surety Co. v. Dierck (Tex. Civ. App.) 250 S. W. 755.

Under the record and these authorities the judgment is affirmed.