Luther H. HORTON & Travis H. Horton, d/b/a Horton Brothers Lumber Company, Appellant,

v.

D. N. ARMSTRONG et al., Appellees.

No. 7194.

Court of Civil Appeals of Texas.

Texarkana.

Dec. 1, 1959.

Rehearing Denied Dec. 22, 1959.

Strasburger, Price, Kelton, Miller & Martin, John H. Hall, Royal H. Brin, Jr., Dallas, for appellant.

Howard S. Smith, Sulphur Springs, Woodrow H. Edwards, Mt. Vernon, for appellees.

CHADICK, Chief Justice.

This suit is concerned with venue in an automobile collision case. An effort was made in the trial court to establish venue in Hopkins County under the provisions of Article 1995, subd. 9a, Vernon's Ann.Civ.St. The judgment of the trial court overruling a plea of privilege is reversed and the case is remanded for a new trial.

The appellees, D. N. Armstrong and his minor son, Charles Armstrong, plaintiffs in the District Court, have agreed with the appellants herein, Luther H. Horton and Travis H. Horton, doing business as Horton Brothers Lumber Company, residents of Dallas County, the defendants below, that the trial court judgment must be reversed. They disagree, however, on whether the case should be remanded for a new trial or rendered in this court.

The venue fact made the subject of this appeal, and one of the venue facts to be proven by appellees if suit on its merits is to be tried in Hopkins County, is whether the driver of the truck implicated in the collision was the servant, agent or representative of appellants acting within the scope of his employment at the time of the collision.

The only evidence in the record bearing upon agency and scope of employment is that of the minor, Charles Armstrong, driver of the automobile involved in the collision. This young man, the only witness testifying at the hearing, stated that shortly after the collision the truck driver said that the truck belonged to Horton Brothers Lumber Company and that he, the driver, was employed by that firm. This testimony of young Armstrong was admitted in evidence over the objection of appellant. It is now conceded by appellees that the objection should have been sustained under various decisions including Lewis v. J. P. Word Transfer Co., Tex.Civ.App., 119 S.W.2d 106, wr. ref.; Empire Gas & Fuel Co. v. Muegge, Tex.Com.App., 135 Tex. 520, 143 S.W.2d 763. Appellees' concession that the case must be reversed eliminates any need of a discussion of the evidence and it is looked to only for the purpose of determining from it and the remainder of the record whether or not the case with respect to the truck driver's agency and scope of employment has been fully developed.

After consideration of the record in its entirety the conclusion is reached that the venue fact of agency and scope of employment of the truck driver was not fully developed in the trial court. Under authority of Jackson v. Hall, 147 Tex. 245, 214 S.W.2d 458; Lanford v. Lovett, Tex.Civ.App., 97 S.W.2d 982, on motion for mandamus, Lanford v. Smith, 128 Tex. 373, 99 S.W.2d 593; Aetna Life Ins. Co. v. McIver, Tex.Civ. App., 65 S.W.2d 817, on application for mandamus, Aetna Life Ins. Co. v. Gallagher, Tex.Com.App., 127 Tex. 553, 94 S.W.2d 410, 411, opinion adopted; Rule 434, Texas Rules of Civil Procedure, the case is remanded.

In the last case cited above, the rule and reason controlling disposition of this appeal is stated by then Commissioner, now Chief Justice Hickman, as follows:

"Article 1856 (now incorporated as part of Rule 434) of the Revised Statutes provides that, when the judgment

of the trial court shall be reversed, the cause shall be remanded for a new trial, if it is necessary that some matter of fact be ascertained. * * * In an ordinary case, wherein a final judgment had been rendered in the trial court, it would not be questioned that the Court of Civil Appeals had the right to remand the cause rather than render judgment under these circumstances, and we held, in principle at least, in Compton v. Elliott, (126 Tex. 232, 88 S.W.2d 91) that it has the same right when the appeal is from an interlocutory order sustaining or overruling a plea of privilege." (Interpolations added.)

The judgment of the trial court is reversed and the cause is remanded for new trial.