UNITED AMERICAN INSURANCE CO. V. WILLIAM HENRY SELBY.

No. A-7719. Decided July 20, 1960.
Rehearing Overruled October 5, 1960.
(338 S.W. 2d Series 160)

*Fred S. Harless,* of Dallas, for petitioner.

The Court of Civil Appeals erred in holding that a provision in a health and accident insurance policy requiring notice of said injury within twenty days was unreasonable and therefore void by reason of Article 5546, Vernon's Texas Civil Statutes. And in its further holding that a provision in its policy that the insured would not be indemnified for loss or injury during any period which the said insured was not under the personal and regular attendance of a legally licensed doctor of medicine or osteopathy, was evidentiary and not a condition precedent to recovery, where such provision was set out as an express limitation to the insuring clause of the policy. Flowers v. Pecos River R. Co., 156 S.W. 2d 260; Gillam v. Matthews, 122 S.W. 2d 348; American Natl. Ins. Co. v. Briggs, 70 S.W. 2d 491.

*James Little* and *Jack Little,* of Big Springs, for respondent.

Cited American Casualty Co. v. Horton, 152 S.W. 2d 395; Maryland Casualty Co. v. Hudgins, 72 S.W. 1047; Royalty Casualty Co. v. Nelson, 153 S.W. 674.

MR. JUSTICE SMITH delivered the opinion of the Court.

This is a suit on a policy of health and accident insurance

for benefits for loss of time due to injury. Trial was had before the court without the intervention of a jury. A true copy of the policy was incorporated in the agreed statement of facts. All facts were stipulated and agreed to by written stipulations filed with the court. Judgment was rendered for respondent.

The Court of Civil Appeals affirmed the judgment of the trial court on two grounds. It held (1) that notice of injury was given by the insured within the time allowed by statute and within the time fixed by the provisions of the policy; (2) that the provision in the policy that the insured would not be indemnified for loss for injury during any period which the insured was not under the personal and regular attendance of a legally licensed doctor of medicine or osteopathy, was evidentiary and was not a condition precedent to recovery. These were the only questions before that court. 330 S.W. 2d 495.

The same two questions are now here by application for writ of error. The original application alleged jurisdiction under Subdivision 6 of Article 1728, Vernon's Annotated Civil Statutes of Texas. The amount in controversy, according to the stipulations being only the sum of $505.80, the application was dismissed for want of jurisdiction. The application was granted after petitioner amended its application with leave of the court first being had and obtained. The amended application alleged that this court had jurisdiction under Subdivision 3 of Article 1728, Vernon's Annotated Civil Statutes.

This, in effect, is a suit for damages. The question of whether written notice of the injury on which the claim was based must be given within twenty days, as provided in the policy, involves the construction of Article 5546[1], Vernon's Annotated Civil Statutes of Texas. Petitioner contends that the Court of Civil Appeals' construction of this Article has the effect of allowing a general statute to repeal Article 3.70-3(5),[2] Vernon's Annotated Civil Statutes of Texas. We agree with petitioner that this court has jurisdiction. Since the application contains a point

1.—"No stipulation in a contract requiring notice to be given of a claim for damages as a condition precedent to the right to sue thereon shall ever be valid unless such stipulation is reasonable. Any such stipulation fixing the time within which such notice shall be given at a less period than ninety days shall be void. * * *."

2.—"Notice of Claim: Written notice of claim must be given to the insurer within twenty days after the occurrence or commencement of any loss covered by the policy, or as soon thereafter as is reasonably possible. Notice given by or on behalf of the insured or the beneficiary to the insurer at * * * (insert the location of such office as the insurer may designate for the purpose); or to any authorized agent of the insurer, with information sufficient to identify the insured, shall be deemed notice to the insurer."

coming within our jurisdiction, we have jurisdiction to pass upon all points presented. See Pittman v. Baladez, 158 Texas 372, 312 S.W. 2d 210.

We have concluded to sustain petitioners point that the exclusionary clause in the policy to the effect that the indemnities provided in the policy do not cover any period during which the insured is not under the personal and regular attendance of a legally licensed doctor of medicine or osteopathy. Our conclusion on this point requires a rendition of judgment in favor of petitioner. This holding renders it unnecessary to decide the notice question.

The policy under Part Two insures against loss of time, as the result of an accident, and the schedule of indemnities provides for indemnities to be paid for total disability the sum of $200 per month for a period limited to 60 months. The policy, however, provides on page one that the "benefits, provisions, exceptions, limitations and deduction on the following pages are a part of this policy."

On page 3 we find the following:

"PART II

"EXCLUSIONS, LIMITATIONS AND REDUCTIONS

"D.   The indemnities provided in this Part do not cover any injury sustained by the Insured while insane; or injury caused by war or any act of war or sustained while in military or naval service of any country at war; or aircraft accidents unless the Insured is a fare-paying passenger in a licensed passenger aircraft provided by an incorporated passenger carrier and while operated by a licensed pilot upon an established schedule over a regular passenger route between definitely established airports; or any injury sustained outside of the continental limits of the United States or Canada; or suicide or any attempt thereat, while sane or insane; or hernia; or any kind of disease or medical or surgical treatment therefor; *or any period during which the Insured is not under the personal and regular attendance of a legally licensed Doctor of Medicine or Osteopathy, other than Insured. * * *."* (Emphasis added.)

It was stipulated that, during the period of disability, respondent was under the personal and regular attendance and treatment of only a naturopath; that, during said period of said

disability, respondent was not under the personal and regular attendance or treatment of a legally licensed doctor of medicine or osteopathy, unless the licensed naturopath is deemed to have been such a legally licensed doctor of medicine or osteopathy as a matter of law by virtue of the fact that he was licensed to practice Naturopathy.

■ A Naturopath is neither a legally licensed doctor of medicine nor of osteopathy. Henry Schlichting, Jr. v. Texas State Board of Medical Examiners, 158 Texas 279, 310 S.W. 2d 557. It follows that petitioner was not at any time during the critical period involved under the personal and regular attendance of a legally licensed doctor of medicine or osteopathy. The exclusionary clauses, supra, clearly and unequivocally provides that there shall be no coverage in such a situation. The provision is listed as an exclusion in the policy. The policy expressly provides that the insuring provisions are subject to the provisions, exclusions, and limitations in the policy. The Exclusions, Limitations and reductions clause in plain, clear, and unequivocal language simply provides that there is no coverage in a case such as we have here.

Although the case of Burns v. American National Insurance Company, Texas Com. App., 280 S.W. 762, was one wherein the insurer was relying upon a "condition precedent to recovery" clause, we believe the principles of law announced therein are controlling here. In that case the claim was based upon the obligation imposed by the terms of the policy to pay a certain sum of money each month under certain conditions. Each monthly sum was to be paid upon the happening of certain events and the performance by Burns of certain things. The policy contained a provision that if Burns should be disabled "* * * he or his representatives shall, as a condition precedent to recovery hereunder, furnish the company every thirty days with a report in writing from his attending physician or surgeon, fully stating the condition of the insured and the probable duration of his disability."

The court, in holding that the obligation on the part of Burns was a condition precedent to recovery, said: "* * * There could be no breach of the contract by the defendant in error, and therefore there could be no damages resulting to the plaintiff in error, until these conditions existed and the performance by him of the things which he had obligated himself to have done. One of the things he obligated himself to have done was to have his attending physician furnish a report every 30 days

stating his physical condition. The law compels us to assume, in view of the testimony to the effect that the plaintiff in error was entitled to be paid the $100 monthly on account of his disability, that had the report of his physician been made in accordance with this provision, the defendant in error would have paid each month the sum it obligated itself to pay. Until the conditions prescribed by the terms of the policy had been met, no obligation was imposed upon the defendant in error to pay the plaintiff in error anything, and, in the absence of such obligation, there could be no breach of the contract and therefore no damage could accrue."

The terms of the contract in that case just as here were free from ambiguity. In the present case, in view of the stipulation of the parties, there is no element of a cause of action based upon a breach of the contract alleged to have been executed by the petitioner, the party in default. The indemnities in the policy did not cover the period of claimed injury for the reason that the policy expressly excluded coverage for the period during which the insured was not under the personal and regular attendance of a legally licensed doctor of medicine or osteopathy. The general rule in most jurisdictions where this question has been decided by the courts is that the particular exclusion in question here is valid and reasonable and is a condition precedent to the right of recovery of benefits, and not against public policy. See Lustenberger v. Boston Casualty Company, 300 Mass. 130, 14 N.E. 2d 148, 115 A.L.R. 1055; Provident Life & Accident Insurance Company v. Harris, 234 Ky. 358, 28 S.W. 2d 40; State ex rel. Mutual Benefit Health & Accident Ass'n v. Trimble, 334 Mo. 920, 68 S.W. 2d 685; Equitable Life Assurance Society of United States v. Burns, 254 Ky. 487, 71 S.W. 2d 1009, 115 A.L.R. 1062 and many cases therein cited.

Respondent admits that the "regular medical reports" provision contained in the policy involved in the case of Burns v. American National Insurance Company, supra, is such a provision as would operate as a condition precedent to recovery, but contends that "Exclusion D," supra, is evidentiary and will not operate as a bar to a recovery. In support of this contention, respondent relies upon such cases as Federal Surety Co. v. Waite, Texas Civ. App., 1927, 297 S.W. 312, wr. dism.; Provident Insurance Company v. Shull, Texas Civ. App., 1933, 62 S.W. 2d 1017, no writ history; American National Insurance Company v. Briggs, Texas Civ. App. 1934, 70 S.W. 2d 491, wr. dism.; American Casualty Company v. Horton, Texas Civ. App., 1941, 152 S.W. 2d 395, wr. dism., and Inter-Ocean Casualty

Company v. Brown, Texas Civ. App., 1930, 31 S.W. 2d 333, wr. dis. The Court of Civil Appeals accepted these cases as authority for its holding that Exclusion Clause "D," supra, was "* * * evidentiary in effect, and will not operate to bar the claim of a person actually disabled who would otherwise be entitled to recover under the terms of the policy. The court went on to say that the "Texas courts have long held this to be a matter of public policy, and will not treat such provisions in the policy as conditions precedent to recovery."

We decline to follow these cases in deciding the question before us in the present case. To give a full analysis of each of the cases relied upon by the respondent would unnecessarily extend the length of this opinion. It is sufficint to say that the several cases assigning various reasons for holding that the particular clauses of the policy under consideration were evidentiary and not conditions precedent are not based upon sound reason. Most of these cases recite a split of authority on the question. They reject the authorities holding that the particular clause was a "condition precedent" to recovery. We cannot agree, as some of these cases seem to hold, that the exclusion clause under consideration here is not clear and that, therefore, the rule that the contract should be strictly construed against the insurer must be invoked, and that the intention of the parties to the contract is to be sought by not only considering the contract as a whole, but in addition thereto the situation of the parties, and the circumstances under which the contract was executed should be considered. The opinion in the case of Federal Surety Co. v. Waite, supra, says: "* * * So considering the contract of insurance in question, it is clearly one of indemnity. * * * ." We do not consider that the contract in the present case is ambiguous. We recognize the general rule that contracts of insurance are to be strictly construed in favor of the insured, but this does not affect the further general rule that contracts of insurance are to be construed as other contracts, and that all parts of the contract are to be taken together, and such meaning shall be given to them as will carry out and effectuate to the fullest extent the intention of the parties. See Cooley's Briefs on the Law of Insurance, Vol. 2, p. 1483. Applying the latter rule, it was clearly the intention of the parties that the indemnities provided under Part II of the policy would not cover any claim for injury sustained by the insured while the insured was not under the personal and regular attendance of a legally licensed doctor of medicine or osteopathy. The respondent, in order to recover, must show not only that he sustained an injury, but he must go further and show that during the time for

which he seeks indemnity payments, he was under the personal and regular attendance of a legally licensed doctor of medicine or osteopathy. See Lustenberger v. Boston Casualty Company, and other cases, supra. Such proof is entirely absent in this record. The stipulation is that respondent was not under such personal and regular attendance. This stipulation of fact and not that one that respondent was totally disabled for 51 days is controlling. Therefore, we cannot accept the contention that the question of whether a naturopath or a licensed doctor of medicine or osteopathy attended and cared for the respondent became immaterial solely because of the admission that respondent was totally disabled for a definite period of time. The cases relied upon by the respondent, which, either by way of dicta or otherwise, held, in effect, that a clause somewhat similar to the one involved here was evidentiary in its operation, were wrongly decided. Such cases, therefore, are disregarded in the disposition of the question involved here. The fact that in the present case the provision relating to being under a physician's care is found in the portion of the policy designated as "Exclusions, Limitations and Reductions" is not of particular significance. However, the clause does become important when considered along with all other provisions of the policy. The provision was not without purpose and without meaning. It indicates that it was the intention that the provision would reasonably act as a safeguard against fraudulent or lack of good faith claims, and, at the same time, insure proper treatment of injuries, if any, and that such treatment would at least shorten the period of disability. There can be no doubt as to the meaning of Exclusion D, supra. The policy clearly affords no coverage. The provision cannot be said to be merely evidentiary.

The judgments of both the trial court and the Court of Civil Appeals are reversed, and judgment is here rendered that respondent take nothing by his suit.

Opinion delivered July 20, 1960.

MR. JUSTICE NORVELL, joined by JUSTICE WALKER, dissenting.

In Federal Surety Co. v. Waite, Ft. Worth Civ. App., 297 S.W. 312, wr. dis., the insuring clause of the policy provided that:

"In the event that the insured while this policy is in force shall suffer from any bodily illness, or disease, which is con-

tracted and begins during said time, the company will pay for loss of time necessarily resulting therefrom as follows:

"A. Said monthly illness indemnity for the period of time, not exceeding twenty-four months, during which the insured shall be totally and continuously disabled by such illness, or disease, from performing each and every duty pertaining to his occupation, and shall also by reason of such illness be strictly and continuously confined within the house *and therein be under the regular care of a legally qualified physician.*"

If this clause be interpreted literally, that is, like it reads, a person asserting a claim thereunder would have to prove as conditions precedent to a recovery (1) that he had been totally and continuously disabled from performing each and every duty pertaining to his occupation; (2) that he had been strictly and continuously confined within the house, and (3) that he had been under the care of a legally qualified physician.

In *Waite,* however, the Court rejected the literal wording of the clause upon the thesis that the policy was essentially one of indemnity for loss of time occasioned by disability resulting from sickness or accident.

The Waite case discussed the "confined within the house" phrase, and was followed in Provident Insurance Company v. Shull, Amarillo Civ. App., 62 S.W. 2d 1017, 1018, no writ history, from which I quote:

"There is no testimony and no finding that the insured was treated by a practicing physician during the sickness involved in this suit."

"Authorities from some states are cited by plaintiff in error which sustain its contention that the defendant in error was not entitled to recover, not having shown that the insured was under a physician's care during the period of indemnity. However, the decisions from other jurisdictions hold, and we think they are based on the better reason, that such a stipulation or provision in the policy is only evidentiary in effect, and this is apparently the rule adopted in this state. The provision of the policy pertaining to insurance against loss of time by sickness was clearly one of indemnity.

"As said by Chief Justice Conner, in Federal Surety Co. v. Waite, (Texas Civ. App.) 297 S.W. 312, 317: 'Its major purpose

was to indemnify appellee for loss of time, occasioned by a total incapacity to labor arising from sickness. The insurance company had the clear right to prescribe the kind and character of evidence which would with the greatest certainty establish the fact of loss of time so occasioned when claimed. This it did in the present case by in effect requiring proof of a sickness necessitating confinement in the home and attendance therein of a physician. These provisions are termed "evidentiary" in some of the decisions and have no other reason fairly assignable for their presence in the contract. Where the facts of total incapacity and loss of time are otherwise established without dispute, or contest, as in the case here, reversible error should not be made to rest alone on the mere failure to establish the vital fact by the evidentiary instrumntalities prescribed in the contract. It would be doubtless otherwise in cases where the loss of time and incapacity to labor is questioned or left in doubt.' "

In the present case, the provision relating to being under a physician's care is found in the portion of the policy designated as, "Exclusions, Limitations and Reductions." The effect of *Waite*, particularly as interpreted by *Shull* was to effectively eliminate a condition precedent from the insuring clause of the policy. The place in the policy where the "physician's care" clause is located does not seem particularly important to me. A distinction based upon a difference in policy provision would be highly tenuous. It is just as defensible to construe some words out of an exclusion clause as it is to construe them out of an insuring clause.

This does not mean that I find no rational basis for *Waite* and *Shull*. These are matters of public policy to be considered. Health and accident policies are, or at least ought to be, good faith agreements to provide indemnity for loss of time due to sickness and accident and should be construed as such. An insurance company is entitled to protect itself against false claims of disability and against malingering by insisting that the insured be under the care of a regularly licensed physician. But where the purpose for which the clause is sought to be used is not protection but simply and solely to defeat liability, a different question is raised. By stipulation, the company *admitted both disability and the duration thereof*. There is no contention that the duration of Selby's disability was in any way affected by the care or lack of care he received. The situation is analogous to that disclosed in American Casualty Co. v. Horton, Dallas Court of Civ. App., 152 S.W. 2d 395, 398, wr. dis., wherein it was said that:

"The undisputed facts clearly showing that, plaintiff sustained total liability, [sic] it was none the less so, whether he was confined in a house, tent, or under the blue canopy, or whether visited once a week, or at all, by a licensed physician; total disability was the condition for which the defendant obligated itself to pay indemnity."

I do not regard cases which proscribe unreasonable contractual provisions relating to evidence as being in point, although in some cases the principle underlying such decisions has been confused with the evidentiary as opposed to the condition precedent or exclusion concept of contractual provision which we have here. As to unreasonable contractual provisions relating to evidence, see, Sovereign Camp, Woodmen of the World, v. Boden, 117 Texas 229, 1 S.W. 2d 256, 61 A.L.R. 682; Sovereign Camp, Woodmen of the World, v. Piper, Texas Civ. App., 222 S.W. 649 no writ history. We do have however, a fairly well defined line established by decisions from a number of Courts of Civil Appeals which support the statement of the lower appellate court that, "Texas courts have long held this to be a matter of public policy, and will not treat such provisions [relating to a physician's care] as conditions precedent to recovery;" or as valid exclusionary clauses, I might add. Southern Surety Co. v. Diercks (1923), Texarkana Civ. App., 250 S.W. 755, wr. ref., Inter-Ocean Casualty Co. v. Brown, Dallas Civ. App, 31 S.W. 2d 333, wr .dis., and American National Insurance Co. v. Briggs, Beaumont Civ. App., 70 S.W. 2d 491, wr. dis., and authorities therein cited.

If this were an original proposition I would admit to some reluctance in disregarding words and phrases contained in a written instrument even on the high ground of public policy, but, on the other hand, I am not one to turn over the cobblestones and re-examine the bases of a travelled path that leads to a just result. I would affirm the judgments of the courts below.

Opinion delivered July 20, 1960.

Rehearing overruled October 5, 1960.