Betsy Ann Meuth MANG et al., Appellants,

v.

The TRAVELERS INSURANCE COMPANY et al., Appellees.

No. 14551.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 23, 1967.

Rehearing Denied March 22, 1967.

Robert L. Strickland, Carl Raymond Crites, Thomas H. Peterson, San Antonio, for appellants.

Grady Barrett, San Antonio, for appellees.

CADENA, Justice.

Betsy Ann Meuth Mang, individually and as guardian of her minor children, filed this suit to recover from defendant, The Travelers Insurance Company, $15,-000.00, the face amount of a life insurance policy issued by Travelers on the life of Alvis Ray Meuth who, at the time of his death, was the husband of Betsy Meuth Mang, the beneficiary under the policy. Plaintiffs appeal from a summary judgment rendered in favor of the defendant insurance company.

Alvis Ray Meuth was killed in an airplane crash on March 10, 1963. It is undisputed that at the time of his death he was traveling as a passenger in an airplane piloted by William E. Fricke, who held a student pilot certificate.

The policy in question excluded from its coverage injuries occurring in consequence of travel or flight in any aircraft except, insofar as here pertinent, while the insured was traveling "as a passenger in a powered civil aircraft of United States or Canadian registry having a valid and current airworthiness certificate issued by the duly constituted authority of the United States or Canada having jurisdiction over civil aviation, and operated by a duly licensed or certificated pilot, while such aircraft is being used for transportation only and not for any purpose such as testing, experimenting, or any other purpose except the sole purpose of transportation."

The airplane in question was a powered civil aircraft having a valid and current airworthiness certificate issued by the appropriate agency of the United States. Therefore, the only question which we need decide is whether the airplane in ques-

tion, which was being operated by a student pilot, was, at the time of the fatal accident, being "operated by a duly licensed or certificated pilot."

The certification of pilots in this country is governed by Part 61 of the Federal Aviation Regulations promulgated by the Federal Aviation Agency. Sec. 61.1 recites that Part 61 prescribes the requirements for the issuance of "the following certificates and ratings, and the conditions under which those certificates and ratings are necessary, and the general operating rules for the holders of those certificates and ratings: (a) Student, private, and commercial pilot (airplane, rotorcraft, glider, and lighter-than-air aircraft) certificates. (b) Airline transport pilot certificates. (c) Special purpose pilot certificates. (d) Flight instructor certificates. (e) Aircraft and instrument ratings. (f) Free balloon pilot certificates."

The requirements for obtaining a certificate, the privileges conferred by the issuance of a certificate, and the limitations imposed on the holder of a certificate vary according to the type of certificate involved. (Secs. 61.61–61.183). Sec. 61.-73(a) (1) expressly prohibits the holder of a student pilot certificate from acting as pilot in command of an aircraft that is carrying a passenger. The student pilot certificate which was issued to William Fricke, the pilot of the aircraft in question, had printed thereon in large letters the words, "Passenger Carrying Prohibited."

 Plaintiffs rely on the well-settled principle of insurance law that if the obligations and liabilities of the insurer are not expressed in clear and unambiguous language, the policy will be construed strictly against the insurer and in favor of the insured or beneficiary. Under this canon of construction, an insurer may not escape liability merely because its interpretation of a policy provision appears to be a more likely reflection of the intention of the parties than does the interpretation contended for by the insured or

beneficiary. In cases of ambiguity, an interpretation imposing liability will be adopted unless such an interpretation is unreasonable. Continental Casualty Co. v. Warren, 152 Tex. 164, 254 S.W.2d 762 (1953). However, under this maxim of strict construction, the judicial thumb will be placed on the scales in order to make them tip in favor of the insured only when use of the other so-called aids to construction leave the scales so nearly in equilibrium that the policy may reasonably be given one of several constructions. Contracts of insurance are to be construed as are other contracts, giving consideration to all parts of the instrument. United American Ins. Co. v. Selby, 161 Tex. 162, 338 S.W.2d 160, 84 A.L.R.2d 367 (1960).

Policy provisions aimed at limiting the liabiliy of the insurer for injury or death resulting from aircraft travel by the insured are far from uncommon. These exclusionary clauses have taken many forms and, of course, in construing such clauses primary emphasis must be placed on the wording of the clause under consideration. The policy before us excepts from its coverage all injuries or death resulting from aircraft travel except (1) where the insured was a passenger on an aircraft operated by a passenger airline on a regularly scheduled passenger trip over its established route, or (2) where the insured was a passenger on a certified airworthy powered aircraft operated by a duly licensed or certificated pilot. The only reasonable interpretation of the provision in question is that which gives it the effect of limiting liability to those cases where the air travel of the insured takes place under circumstances which reduce, to a considerable extent, the risks incident to such travel. It would, we think, be unreasonable to hold that the provision here involved, which limits coverage to passengers traveling in an aircraft piloted by a duly licensed or certificated pilot, contemplates anything other than situations where a passenger-carrying aircraft is being operated by a pilot whose training, ability and ex-

perience are such as to entrust to his care not only his own safety and that of the aircraft, but the safety of passengers as well.

We hold, therefore, that the term "duly licensed or certificated pilot," as used in the provision limiting liability to cases where the insured is a "passenger" on an aircraft operated by such a pilot, necessarily refers to a pilot who holds a license or certificate which authorizes him to operate an aircraft carrying passengers. Cf. Burns v. Mutual Benefit Life Ins. Co., 79 F.Supp. 847, 854 (W.D. Mich., 1948, aff'd, 179 F.2d 236, cert. den., 339 U.S. 947, 70 S.Ct. 802, 94 L.Ed. 1362). A person holding a student pilot certificate is not such a pilot.

The judgment of the trial court is affirmed.

KLINGEMAN, J., not participating.