The MILLERS MUTUAL FIRE INSURANCE COMPANY OF TEXAS, Appellant,

v.

Floyd HENSLEY, Appellee.

No. 16824.

Court of Civil Appeals of Texas.

Fort Worth.

April 21, 1967.

Thompson, Coe, Cousins & Irons and Franklin H. Perry, Dallas, for appellant.

Coleman & Whitten and Earl L. Coleman, Denton, for appellee.

## OPINION

RENFRO, Justice.

The defendant, The Millers Mutual Fire Insurance Company of Texas, appellant, succinctly states the nature and result of the case as follows, "This is a suit on the contents coverage portion of a Texas Standard Fire Insurance Policy originally issued to another person. Appellant contended that the endorsement adding the Appellee's name to the policy did not provide contents coverage to the Appellee, that the policy was canceled before the loss, and other matters. The Court ruled against Appellant and submitted only value issues to the jury, and in

due course gave judgment to Appellee for $5,000.00."

In its first two points of error defendant contends: (1) The endorsement providing insurance coverage to Floyd Hensley is clear and unambiguous in its terms and does not provide any coverage to the appellee for loss or damage to the household goods at the premises in question, and the trial court erred in ruling that it did provide such coverage. (2) As a matter of law, and under the proper rules of construction applicable to this case, the endorsement issued by the Gambill Insurance Agency which was attached to The Millers Mutual Fire Insurance Company policy does not provide coverage to Floyd Hensley for damage to household goods, and the court erred in ruling that it did cover.

On January 12, 1962, the fire policy was issued to M. M. Stuart. The policy covered building and contents on a farm in Denton County. Attached to and made a part thereof was Farm and Ranch Form No. 81. The policy provided coverage of $24,000.00 on the dwelling while occupied by owner, and $5,000.00 on household goods while in the main dwelling.

On March 10, 1964, Stuart and plaintiff Hensley executed a contract of sale of the real property owned by Stuart.

At the time of the execution of the above contract of sale, according to plaintiff, defendant's agent agreed to a General Change Endorsement after plaintiff's attorney told her, " * * * that you wanted it fixed to where Mr. Stuart had protection, still had protection while he was in that house, and therefore that when we moved, we moved in with protection where that we wouldn't have to call and notify anybody, that we would be immediately, protected." His evidence was disputed. Anyway, as of March 10, 1964, defendant issued its General Change Endorsement, which read, material here:

"General Change Endorsement

"Form No. 77
"Effective
"June 1, 1944
    "Attached to and forming part of Policy No. 308 39 92 of the Millers Mutual Fire Insurance Company of Fort Worth, Texas, issued at its Denton, Texas Agency.

"Dated 1–12–62                    Gambill Insurance Agency
                                "By: Mary Jo Fowler, Agents

"Insured M. M. Stuart

"Other conditions remaining the same, this Policy is amended as of March 10, 1964, as follows: It is understood and agreed the named insured is hereby amended to read: M. M. Stuart and Floyd Hensley, the property having been sold under contract, and the policy insures the respective interests of the said M. M. Stuart and Floyd Hensley in the dwelling hereby insured.

    " * * *

"Location 6 miles SE from Denton, Texas

"Lot        Block        Map Page        File No.        Occupancy        Owner

"Property Insured        Farm Schedule—Dwelling and Household Goods
                        (State whether Building, Household Goods, Stock,
                        Furniture, Fixtures and/or Machinery, or Con-
                        tents, and whether Specific or Blanket * * *)

"Prescribed by The State Board of Insurance."

It is undisputed that on the date of the fire Stuart had no household goods in the house. It is undisputed that Hensley, plaintiff, had moved in the house and had his household goods therein. Defendant paid plaintiff for loss of the dwelling, but claimed it had no coverage on the household goods; hence this suit by plaintiff.

Referring to the General Change Endorsement, defendant argues that the "words of change" or the "active" words contained on the endorsement clearly mean that the "property" was sold under contract, and the "policy insures the respective interest of the said M. M. Stuart and Floyd Hensley in the dwelling hereby insured"; that the words "household goods", appearing on the line "Property Insured", are merely a recitation, and the active words, or words of change, follow the statement "Other conditions remaining the same"; that the endorsement is clear in its coverage of the dwelling only; that plaintiff purchased an interest in the real property only and had no insurable interest in the contents of the dwelling; that, considering the words used, the subject matter to which they relate, and the matters naturally or usually incident to the issuance of the endorsement, it is apparent that the evident intent was to cover the dwelling only.

█ Contracts of insurance are to be construed as other contracts. Ordinarily, all parts of the contract are to be taken together, and such meaning will be given to them as will carry out and effectuate to the fullest extent the intention of the parties. General American Indemnity Company v. Pepper, 161 Tex. 263, 339 S.W.2d 660 (1960); United American Insurance Company v. Selby, 161 Tex. 162, 338 S.W.2d 160 (1960).

The original policy was delivered by Stuart to plaintiff. In the original policy part of the coverage was shown to be "2. $5,000.00 on Household Goods, while in the above described Main Dwelling."

█ In our opinion the trial court properly construed the policy and endorsement to afford coverage to plaintiff's household goods. The policy issued to Stuart afforded coverage on household goods. The endorsement made plaintiff a "named insured."

The policy in which he was made a named insured covered the main dwelling while occupied by the owner and covered household goods of the named insured while located in the main dwelling. Neither the policy nor the endorsement excluded coverage of household goods.

Under the "Property Insured" line, on which defendant had typed "Farm Schedule —Dwelling and Household Goods," was the instruction, "State whether Building, Household Goods, Stock, Furniture, Fixtures and/or Machinery, or Contents, and whether Specific or Blanket." Thus, as stated by plaintiff, the instructions for typing the description of the property specifically mentioned household goods. As stated previously, the words "Household Goods" were typed above the mentioned instruction.

We agree with plaintiff that the words of the policy and of the General Change Endorsement show clearly and without ambiguity that plaintiff had coverage on his household goods from the time he moved the goods into the dwelling.

█ Furthermore, it is a settled principle of insurance law that language of a policy that is susceptible of more than one construction should be interpreted strictly against the insurer and liberally in favor of the insured. When the contract is capable of two constructions, under one of which recovery is allowed but under the other of which it is denied, that construction will be given which permits a recovery. And where two interpretations, equally fair, may be made, that which allows the greater indemnity must prevail. 32 Tex.Jur.2d 121–3, § 60; Southwestern Fire and Casualty

Company v. Atkins, 346 S.W.2d 892 (Tex. Civ.App., 1961, no writ hist.).

We hold first that the policy and General Change Endorsement show clearly that plaintiff had coverage of his household goods, and, next, if the policy and endorsement are susceptible of the construction given them by defendant, they are also susceptible to the construction made by the trial court. In either event plaintiff was entitled to recover for the loss of household goods.

In its third point defendant argues the court erred in refusing to admit evidence and submit issues in respect to receipt by plaintiff of a "Revised Amount Endorsement," for if plaintiff had notice of such action an issue of waiver was raised.

On May 20, 1964, Stuart requested cancellation of the Contents Coverage. This was more than two months after the contract of sale was executed by plaintiff and Stuart. On May 27, a Revised Amount Endorsement was issued by defendant which showed cancellation of coverage on household goods. Defendant contended said endorsement and accompanying letter were mailed to plaintiff. Both plaintiff and his wife denied receiving the endorsement.

■ Mrs. Fowler, agent for defendant, testified as to the preparation and mailing of the Revised Amount Endorsement and the letter. Her testimony was not of sufficient probative force to support a finding that defendant canceled the policy by giving plaintiff five days' written notice even if such an issue had been submitted and answered favorably to the defendant. Both plaintiff and his wife testified positively that they did not receive the referred to letter and cancellation.

Mrs. Fowler's testimony was such as to amount to a mere conclusion on her part that the instruments were mailed.

■ Even if plaintiff had received the "Revised Amount Endorsement," he would not have been apprised that the coverage on his household goods was canceled. The en-

dorsement merely canceled the Household Coverage as to Stuart who had already moved his household goods from the dwelling. There was nothing in the instrument to indicate that plaintiff's coverage on household goods was canceled or eliminated from coverage. Indeed, on the same date the "Revised Amount Endorsement" was executed, defendant approved an "Assignment of Interest" in which the interest of Stuart as owner of the property covered by the policy was assigned to plaintiff.

Judgment affirmed.

Affirmed.