**Kelly A. KEANE, Appellant,**

v.

**HAWKEYE–SECURITY INSURANCE COMPANY, Appellee.**

No. 01–89–00851–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 8, 1990.

E. Landers Vickery, Houston, for appellant.

Wilton F. Chalker and Ronald Hood, Houston, for appellee.

Before EVANS, C.J., and DUGGAN and MIRABAL, JJ.

## OPINION

DUGGAN, Justice.

This is an appeal from a take-nothing summary judgment in favor of movant/appellee, Hawkeye–Security Insurance Company ("Hawkeye"), a reinsurance company and defendant below. Delta Lloyds Insurance Company ("Delta"), another defendant below, is not a party to this appeal.

Hawkeye's uncontroverted summary judgment evidence established that appellant, Kelly A. Keane, obtained a post-answer default judgment against the insured, 3722, Inc. (3722), as a result of personal injuries Keane received in an automobile accident after employees of 3722 served her alcohol while she was intoxicated.

To collect her judgment, Keane brought a separate suit against Delta and Hawkeye, insurance companies that had written the primary and reinsurance policies, respectively, covering 3722 at the time of Keane's accident. Under Delta's primary insurance policy, Section I insured 3722 against perils such as fire, lightning, windstorm and hail; Section II insured 3722 against liability for personal injury and property damage. To assure performance of Delta's obligations to 3722 if Delta became unable to pay a claim under its primary policy, Hawkeye issued a guaranty bond, or policy of reinsurance, for Delta's primary policy, naming 3722 as the beneficiary.

Keane and Hawkeye filed cross-motions for summary judgment. Hawkeye's theory was that it was not liable because Keane's personal injuries were covered under Section II of Delta's primary policy, and Hawkeye's guaranty bond applied only to property damage due to fire and other hazards under Section I. In support of its motion, Hawkeye submitted, among other things, copies of its guaranty bond, the affidavit of one of its assistant vice-presidents, Donald Morgan, and Delta's primary insurance policy. The gist of Morgan's affidavit testimony was that Hawkeye's guaranty bond was intended to reinsure only Section I property damage under Delta's primary policy.

The trial court granted Hawkeye's summary judgment motion, severed Keane's lawsuit into separate actions against Delta and Hawkeye, and entered a final judgment that Hawkeye was not liable for any part of Keane's judgment against 3722 "for the reason that the guaranty bond provided by HAWKEYE SECURITY INSURANCE COMPANY applied to fire insurance policies only, and not to the liability policy for personal injuries."

Keane's sole point of error asserts that the trial court erred in granting Hawkeye's summary judgment motion because, as a matter of law, Hawkeye's guaranty bond applied to Delta's entire primary policy. Keane claims the language in the guaranty bond is ambiguous, thereby requiring us to construe it in favor of coverage. *Barnett v. Aetna Life Ins. Co.*, 723 S.W.2d 663, 666 (Tex.1987) (insurance policies containing language susceptible to more than one construction are strictly construed against the insurer). Hawkeye responds that it is un-

necessary to resort to rules of construction because its guaranty bond's language plainly and unambiguously applies only to Section I of Delta's primary policy. 723 S.W.2d at 665 (a court cannot resort to rules of construction where an insurance contract is expressed in plain and unambiguous language).

Keane relies on language in the third paragraph of Hawkeye's guaranty bond stating that it "shall be valid and form a part of said policy," referring to Delta's primary policy. Keane argues that this clause alone establishes that the reinsurance policy applies to Delta's primary policy *in toto.*

Keane's reliance on the quoted clause ignores other language which establishes that the reinsurance policy applies only to Section I of Delta's primary policy. *See United Am. Ins. Co. v. Selby,* 161 Tex. 162, 168, 338 S.W.2d 160, 164 (1960) (insurance contracts are construed as other contracts, and all parts of the contract are to be taken together). Pertinent language in paragraph five of the guaranty bond states that the insured, 3722, acquired beneficial interests in "policies of fire and other hazard insurance *written as part of fire insurance*" issued by Delta. Delta's only "policies of fire and other hazard insurance written as part of fire insurance" are contained in its primary policy's Section I, which insures 3722 against property damage due to fire and other perils such as lightning, windstorm and hail. Paragraphs six and seven of the reinsurance policy refer to 3722's claims, and Hawkeye's liability for such claims, under the policy referred to in paragraph five. In addition, paragraph one of the numbered paragraphs in the guaranty bond states that it does not apply to any policy or group of policies providing a total amount of insurance on any "Contents (Including Improvements & Betterments)" of more than $350,000. The reference in the guaranty bond to "Contents, Improvements, and Betterments" tracks the language contained in Section I of Delta's primary policy, and indicates an intent that the guaranty bond applies only to that section. The $350,000 figure in the guaranty bond is also consist-

ent with the limits of Delta's liability under Section I of its primary policy, and it is inconsistent with the limits of Delta's liability under Section II.

The language in paragraphs five, six, and seven, followed by the language in the first numbered paragraph of the guaranty bond, clearly limits Hawkeye's liability to claims made under Section I of Delta's primary policy. *See Barnett,* 723 S.W.2d at 665. Because Keane's earlier judgment against 3722 for personal injuries is covered under Section II, the liability section of Delta's primary policy, Hawkeye's guaranty bond does not apply.

Relying on the phrase "and other hazard insurance" in paragraph five of the guaranty bond, Keane argues the word "hazard" should be given its usual and ordinary meaning, which would encompass her personal injuries and extend reinsurance coverage to Section II of Delta's primary policy. *See Pan Am. Ins. Co. v. Cooper Butane Co.,* 157 Tex. 102, 108, 300 S.W.2d 651, 654 (1957) (in the absence of evidence to the contrary, parties to a contract intend that words used be given their usual and accepted meanings). Keane's reliance on this phrase ignores its context. The words "and other hazard insurance" are followed and modified by "written as part of fire insurance." The only policy of fire insurance appears in Section I of Delta's primary policy. The other perils insured against as part of fire insurance are set out in paragraph three of Section I of Delta's primary policy. Personal injuries are not a hazard written as part of fire insurance under Section I of Delta's primary policy. Appellant's reliance on *Pan American Insurance Co.* is therefore misplaced because the word "hazard" in paragraph five of Hawkeye's guaranty bond is limited by the phrase "written as part of fire insurance." *See Security Mut. Casualty Co. v. Johnson,* 584 S.W.2d 703, 704 (Tex.1979) (terms used in an insurance contract are given their ordinary and generally accepted meaning unless the policy shows the words are meant in a technical or different sense).

Finally, appellant argues the trial court erred in considering Morgan's affidavit be-

cause coverage afforded by an insurance policy is not an area subject to interpretation by expert witnesses. *St. Paul Ins. Co. v. Rahn,* 641 S.W.2d 276, 284 (Tex.App.— Corpus Christi 1982, no writ). This contention is without merit because the trial court's judgment reflects that it did not consider Morgan's affidavit. Moreover, because we affirm the trial court's ruling based on the language in Hawkeye's guaranty bond, we consider any error that occurred in the trial court's consideration of Morgan's affidavit to have been harmless. Tex.R.App.P. 81(b).

We overrule appellant's sole point of error, and affirm the trial court's take-nothing judgment in favor of Hawkeye.