**Carmen B. JONES, Appellant,**

v.

**MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN,**
Appellee.

No. 3533.

Court of Civil Appeals of Texas.
Eastland.

June 17, 1960.

Rehearing Denied July 8, 1960.

Harry Burns, Houston, for appellant.

Vinson, Elkins, Weems & Searls, Houston, for appellee.

WALTER, Justice.

Carmen B. Jones filed suit against Mutual Liability Insurance Company of Wisconsin for reimbursement of medical expenses under a group hospitalization and medical expense policy. In a non jury trial and on an agreed statement of facts, judgment was entered that the plaintiff take nothing. The plaintiff has appealed, contending the court erred in holding her medical expenses were not covered by the policy and in rendering judgment in favor of the insurance company.

The record shows: that said group policy was in full force and effect on March 20, 1957, and that on such date appellant sustained an accidental injury; that she incurred medical expenses which were paid by the insurance company so long as she remained in the employment of New Process Roofing and Supply Corporation; that appellant's employment with Process terminated on or about July 15, 1957; that subsequent to the termination of her employment with Process appellant incurred further medical expenses in connection with the accidental injury which she sustained while in the employment of Process and it is these medical expenses which the insurance company declined to pay; that appellant's medical expenses which she seeks to establish under said policy were incurred by her during May, June and August of 1958; that appellant was totally disabled when she terminated her employment with Process but did not remain continuously so disabled from such time to the time the bills sued upon herein were incurred; that appellant returned to work on full time on a temporary basis for three different concerns after the termination of her employment with Process.

The only provisions of the policy that are material are as follows:

"The insurance on an employee shall cease on the earliest of the following dates: (a) when he fails to make any agreed contribution when due, (b) when he ceases to be within a class of employees eligible for the insurance, (c) when he is pensioned or retired, (d) when his employment terminates, (e) when he is absent from work for more than thirty-one consecutive days by reason of authorized vacation, temporary lay-off or leave of absence.

"Extension of Benefits—If an employee becomes confined in a hospital for causes other than childbirth, abortion or miscar-

riage, after termination of insurance but prior to the expiration of the three month period immediately following such termination, and if due proof is furnished that the confinement would result in a valid claim under this policy were the insurance in force at the commencement of such confinement, the company will recognize this as the basis for such claim, provided (a) the confinement was the result of an injury which was sustained or sickness resulting in disability which began during the policy period, (b) the employee was totally disabled by such injury or sickness when the insurance terminated and remained continuously so disabled until confined.

"Cancellation or expiration of the policy for any cause shall be without prejudice to any claim arising prior thereto."

 The rules of construction which we are to follow in construing the pertinent provisions of said policy have been summarized by Chief Justice Chadick in Kelley v. American Insurance Company, Tex.Civ.App., 316 S.W.2d 452, 455 (Affirmed Tex., 325 S.W.2d 370) as follows: "In construing the American policy it is necessary to apply certain elementary rules of construction (all rooted in the same basic concept), including these: (1) An insurance policy will be construed strictly against the insurer; (2) when the terms of an insurance contract are capable of two or more constructions and under one a recovery is allowable and under the other it is denied, the construction which permits recovery will be given the policy; (3) forfeitures of insurance coverage is not favored; and (4) if a fair and reasonable construction of an insurance contract will permit, a meaning will be given to its language that effectuates a contract of insurance rather than defeats it. See 24–B Tex. Jur., Insurance, Secs. 26, 27, 28, 29, 30, 31 and 32, pp. 86–109 and authorities there listed."

Appellant's employment with Process terminated on or about July 15, 1957. Under the general provisions of the policy appellant's insurance ceased when her employment terminated. Another provision provides for an "Extension of Benefits" if the employee becomes confined in a hospital after termination of the insurance but prior to the expiration of three months immediately following such termination. The agreed statement of facts shows said hospital, doctor and medical bills were incurred more than 90 days after termination of appellant's employment.

Said policy insures against expenses incurred for doctor, hospital and medical bills. At the time said policy expired the record does not reveal that appellant had incurred any such expenses that had not been paid.

We have examined all of appellant's points and find no merit in them and they are overruled.

Judgment affirmed.