CONTINENTAL NATIONAL AMERI-CAN COMPANY, LTD., Appellant,

v.

James David GAULDIN, Appellee.

No. 20114.

Court of Civil Appeals of Texas, Dallas.

Jan. 23, 1980.

Rehearing Denied Feb. 28, 1980.

Beverly Martin, McCracken, Shields & Taylor, Carrollton, for appellant.

William F. Billings, Dallas, for appellee.

Before AKIN, STOREY and HUM-PHREYS, JJ.

STOREY, Justice.

Continental National American Company, Ltd., the insurer, has appealed from a judgment in favor of its insured, James David Gauldin, complaining that the loss sued for was not covered because at the time of loss the insured had breached a warranty contained in its policy. We hold that, under the facts of this case, no breach of warranty is shown and, therefore, affirm the trial court's judgment.

The policy insured a boat, motor and trailer against loss by theft. The warranty which the insured is claimed to have breached provides: "It is hereby warranted that the insured vessel is stored or kept in a locked garage or locked storage building when not in use." The essential facts are stipulated:

> The insured resided in an apartment complex located at 4603 Country Creek Drive in Dallas, Texas. When not in use, the boat, motor and trailer were kept in a locked garage located at 4109 June Drive. On the morning of May 11, 1977, the insured removed the property from the garage, towed it to Grapevine Lake, and about 8:00 p. m. returned to his apartment leaving the property parked in the street about forty yards from the apartment. The property remained secured to his car by a locked chain and trailer hitch. Between 8:00 p. m. and midnight, the property was stolen. The insured had stopped at his apartment to eat dinner and to watch a sports event on television. When the sports event ended, despite the late hour, he intended to take the property to a car wash and then return it to the locked garage.

The insurer maintains that the insured was in breach of his warranty at the

time of loss because the property was not "in use." In applying the policy provision to the facts of this case, we conclude that the point of inquiry is not whether the property was "in use" but whether, at the time of loss, the property was being "stored or kept," because it is only when the property is being stored or kept that the warranty requires it to be in a locked building.

The phrase "in use," particularly when applied to a boat, is difficult to interpret. The parties have cited no authority construing the phrase, nor has our search revealed any, and the parties' attempts to analogize to other vehicles are unsatisfactory. Strictly applied, a boat is in use only while being operated on the water. The insurer does not insist upon this strict application but concedes that the boat is covered while being towed to and from the water. Its concessions with respect to stops along the way, however, whether they be of short duration or otherwise, are equivocal. For example, the policy requires the insured to warrant "that the vessel be confined to inland lakes and rivers of the United States." This provision contemplates that the boat may be towed cross-country and yet, presumably, would be considered "in use" during prolonged or overnight stops. Other examples could be given of the uncertain results to be reached by attempting to determine when a boat is in use.

■ Less uncertainty is encountered when consideration is given to the risk against which the policy insures and the limitations sought to be placed on that risk. The insurer has obviously determined that a boat, motor and trailer are most vulnerable to loss by theft when they are being "stored or kept." It has, therefore, placed a reasonable limitation on its risk of loss by requiring that, when being stored or kept, the boat be placed in a building under lock and key. We conclude, therefore, at the point of inquiry in this case is whether, that the time of loss, the boat was being "stored or kept." The parties have answered this question by their stipulation to the effect that the insured had no intention of storing the boat on the street at the time of the loss but instead intended to wash the boat and return it to its locked storage on the same night he returned from the lake.

■ Furthermore, we are bound to apply the policy provision in a manner which will allow it to afford the greatest coverage consistent with its express limitations and in a manner which will lead to the least uncertainty with respect to the extent of coverage. *United American Insurance Co. v. Selby*, 161 Tex. 162, 338 S.W.2d 160, 164 (1960); *Jones v. Mutual Liability Insurance Co.*, 336 S.W.2d 905, 907 (Tex.Civ.App.—Eastland 1960, writ ref'd). A literal interpretation of the warranty leads to the conclusion that only two situations are possible. The property is either "in use" or it is "stored or kept." In order to allow the policy to afford the greatest coverage, therefore, the phrase "in use" must be given its broadest application. Thus, the boat must be covered not only while in actual operation on the water, but also during those activities incidental to its use. It is not necessary to the determination of this case that all possible incidental activities be defined. As a minimum, however, they would include transport to and from the water, together with interim stops of the temporary nature exhibited by the facts of this case.

Affirmed.