In re MARINER HEALTH GROUP, et al., Debtors.

Northfield Insurance Company, Plaintiff,

v.

Mariner Post Acute Network, Inc., et al., Defendants.

Bankruptcy No. 00–215 to 00–301(MPW).
Adversary No. A–01–4626(MPW).

United States Bankruptcy Court, D. Delaware.

Sept. 24, 2003.

Thomas L. Ambro, Rebecca L. Booth, Mark D. Collins, Shannon Stacey Frazier, Russel C. Silberglied, Etta Rena Wolfe, Richards, Layton & Finger, Wilmington, DE, Alan W. Behringer, Welch & Behringer, William Pierce Bowden, Rafael Xavier Zahralddin–Aravena, Ashby & Geddes, Noel C. Burnham, Montgomery, McCracken, Walker & Rhoads LLP, Michael R. Lastowski, Duane Morris LLP, Wilmington, DE, Paul G. Preston, Preston & Cowan LLP, New Orleans, LA, James D. Wareham, for debtors.

Derek C. Abbott, Morris, Nichols, Arsht & Tunnell, James C. Carignan, Wilmington, DE, William H. Bartle, Murray & Murray, Sanduskey, OH, Charles J. Brown, Elzufon, Austin, Reardon, Tarlov & Mondell, Wilmington, DE, T. Carroll Brown, Brown, Browns & Brown PA, Bel Air, MD, Michael G. Busenkell, Morris, Nichols, Arsht & Tunnel, Wilmington, DE, Mark E. Calvin, Brown, Terrell, Hogan Ellis, McClamma, Jacksonville, FL, Scott W. Cichon, Cobb, Cole & Bell, Daytona Beach, FL, L. Jason Cornell, Fox, Rothschild, O'Brien & Frankel, Wilmington, DE, Michael P. Cunningham, Barry L. Steelman, P.A., Baltimore, MD, Paul J. Dougherty, III, McCarter & English, Wilmington, DE, John S. Fagan, Fagan & Broussard, P.A., Orange Park, FL, Brett Fallon, Morris, James, Hitchens & Wilams, David L. Finger, Finger & Slanina, P.A., William K. Harrington, Duane Morris LLP, Donna L. Harris, Morris, Nichols, Arsht & Tunnell, William Anthony Hazeltine, Potter, Anderson & Corroon LLP, Wilmington, DE, Mark A. Hickernell, McDonald & Associates, Southbor-

ough, MA, Timothy J. Hickey, Nutter, McClennen & Fish, LLP, Boston, MA, Lacy E. Holly III, Houghton, Holly & Gary, Odessa, DE, Joseph H. Huston Jr., Carl N. Kunz III, Morris, James, Hitchens & Williams LLP, Wilmington, DE, Dennis Le Vine, Dennis Le Vine & Associates, P.A., Tampa, FL, Matthew W. Levin, Alston & Bird LLP, Atlanta, GA, Neal J. Levitsky, Fox, Rothschild LLP, Kathleen P. Makowski, Saul Ewing LLP, Kevin J. Mangan, Monzack and Monaco, P.A., Roger S. McCabe, Mehaffy & Weber, Attorney at Law, Beaumont, TX, Selinda A. Melnik, Buchanan Ingersoll PC, Rachel B. Merskey, Walsh, Monzack & Monaco, P.A., Ricky S. Miller, Ferry & Joseph, Francis A. Monaco, P.A., Wilmington, DE, Susan B. Morrison, Wilkes & McHugh P.A., Tampa, FL, Michael P. Morton, Michael P. Morton, P.A., Thomas Stephen Neuberger, Thomas S. Neuberger, P.A., Wilmington, DE, John Noble, Noble and Crow, P.A., Rockville, MD, Kevin P. O'Brien, Wilkes & McHugh, Tampa, FL, Daryl D. Parks, Parks & Crump, L.L.C., Robert H. Rosenbaum, Meyers, Rodbell & Rosenbaum PA, Riverdale, MD, Gary J. Rotella, Gary J. Rotella & Associates, P.A., Fort Lauderdale, FL, Barry L. Steelman, Barry L. Steelman, P.A., Baltimore, MD, Brian A. Sullivan, Werb & Sullivan, Karen V. Sullivan, Oberly, Jennings & Rhodunda, PA, William David Sullivan, Elzufon, Austin, Reardon, Tarlov & Mondell, Christina Maycen Thompson, Morris, James, Hitchens & Williams, Wilmington, DE, Michelle Therese Sutter, Columbus, OH, Joseph W. Thomas, II, Casselberry, FL, Robert E. Vaughn, Butler, Burnette, Pappas, Tampa, FL, Thomas D. Walsh, McCarter & English, LLP, Wilmington, DE, Gregory J. Weinig, Connolly, Bove, Lodge & Hutz LLP, Thomas G. Whalen Jr., Steven & Lee, Wilmington, DE, John J. Winter, Harvey, Pennington, Cabot, Griffith, Philadelphia, PA, for creditors.

## MEMORANDUM OPINION [1]

MARY F. WALRATH, Chief Judge.

Before the Court is the Motion for Partial Summary Judgment filed by Northfield Insurance Company ("Northfield") seeking a declaration that the Northfield insurance contracts ("the Northfield Policies") do not provide coverage for punitive damages which may be awarded against the Debtors in Texas. After a hearing, and consideration of the affidavits and exhibits proffered, we conclude that Northfield's motion must be denied for the reasons set forth below.

## I. FACTUAL BACKGROUND

On January 18, 2000, Mariner Post–Acute Network, Inc., and its affiliates (collectively "the Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors are the owners and/or operators of nursing homes, assisted living facilities and pharmacies, and provide various health care related services around the country. Through their ownership and operation of these facilities, the Debtors have been subject to numerous claims and lawsuits by current and former patients (and their estates) asserting causes of action for wrongful death, personal injury, and breach of contract. Many of these claims assert gross negligence, negligence per se, wilful and wanton conduct, and other aggravated conduct that may entitle the claimants to recover compensatory and punitive damages.

Approximately half of these claims are covered under the Debtors' primary poli-

---

1. This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

cies issued by Royal Surplus Lines Insurance Company ("the Royal Policies"). The Northfield Policies are "following form" insurance policies that provide both commercial and general liability insurance coverage and medical professional liability coverage in excess of the Royal Policies.

In its Motion for Partial Summary Judgment, Northfield seeks a ruling that it is not liable for punitive damages that may be awarded against the Debtors in Texas under Texas public policy and under the terms of the Northfield Policies.

## II. *JURISDICTION*

This Court has jurisdiction over this matter, which is a core proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (O).

## III. · *DISCUSSION*

### A. *Motion for Partial Summary Judgment*

To grant a motion for summary judgment, the court must determine whether the moving party has established that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The court must assume that the undisputed facts set forth in the record are true.

### B. *Choice of Law*

As a threshold matter, the parties dispute which law should be applied to determine whether punitive damages are insurable. Northfield urges us to apply Texas

law, while the Debtors argue that various state laws may apply.

■ To decide this threshold issue, we must use the choice of law rules of the forum state, i.e., Delaware. *See In re Eagle Enters., Inc.*, 223 B.R. 290 (Bankr. E.D.Pa.1998) (citing *Klaxon Co. v. Stentor Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941)).

■ When determining which state law governs, Delaware courts apply the "most significant relationship test" articulated in the Restatement Second of Conflict of Laws. *Liggett Group v. Affiliated FM Ins. Co.*, 788 A.2d 134, 137 (Del.Super.Ct.2001). Section 193 of the Second Restatement provides that questions regarding the rights and validity of insurance contracts are determined by the local law of the state which the parties understood was the principal location of the insured risk during the term of the policy, unless some other state has a more significant relationship under the principles stated in Section 6. Rest. (Second) of Conflicts of Law § 193 (2003)[2]. *See, e.g., Whiteside v. New Castle Mut. Ins. Co.*, 595 F.Supp. 1096, 1098 (D.Del.1984).

■ Since Northfield's Motion is limited to claims arising in Texas, resulting from acts or omissions within that state, it is clear that Texas is the location of the insured risk. No other state's interests are implicated. Therefore, we will apply Texas law.

### C. *Texas Public Policy*

■ Northfield contends that Texas law establishes that punitive damages are

---

**2.** The relevant factors under Section 6 include: (a) the needs of the interstate systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relevant interests of those states in the determination of the particular issue, (d) the

protection of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainty, predictability and uniformity of result, and (g) ease in the determination and application of the law to be applied. Rest. (Second) of Conflicts of Laws § 6.

uninsurable as a matter of law. Although the Texas Supreme Court has not specifically addressed the issue before us, it has long held that contracts against public policy are void and unenforceable. *James v. Fulcrod,* 5 Tex. 512, 520 (Tex.1851). In 1994, the Texas Supreme Court announced that the public purpose of punitive damages is to punish and deter conduct. *Transp. Ins. Co. v. Moriel,* 879 S.W.2d 10, 16–17 (Tex.1994).[3]

Applying *Moriel* and its progeny, the District Court for the Northern District of Texas made an *Erie*[4] determination that insuring against punitive damages violated Texas public policy. *Hartford Cas. Ins. v. Powell,* 19 F.Supp.2d 678, 696 (N.D.Tex. 1998). That decision was predicated on a finding that the public policy of Texas is to ensure that a defendant, who deserves to be punished, receives an appropriate level of punishment. *Id.* at 684 (quoting *Moriel,* 879 S.W.2d at 17).

We disagree with the *Powell* Court's conclusion, on which Northfield's argument is premised. First, Texas's insurance code does not contain a blanket provision that prohibits insuring against punitive damages. In fact, it expressly provides that, "the commissioner may approve ... coverage for exemplary damages to be used on a policy of medical professional liability insurance". Tex. Ins.Code Ann. art. 5.15–1 § 8.[5]

Second, Texas case law does not support Northfield's bright line rule. *See Am. Home Assurance Co. v. Safway Steel Prod. Co.,* 743 S.W.2d 693, 704–05 (Tex. App.-Austin 1987, writ denied 1987). In *Safway Steel,* the Court held that a corporation could insure itself against the gross conduct of its agents. *Id.* Although this ruling was made before *Moriel* and *Powell,* Texas courts since then have not held that insuring against punitive damages is *per se* void. *See, e.g. Westchester Fire Ins. Co v. Admiral Ins. Co.,* 2003 WL 21475423, 2003 Tex.App. LEXIS 5468 (Tex.App.-Fort Worth, no writ June 26, 2003). In fact, the *Westchester* Court held that insuring against punitive damages arising from vicarious liability does *not* violate Texas public policy. *Id.* at *10, 2003 Tex.App. LEXIS 5468, at *27–29. In so concluding, the *Westchester* Court stated that it could find no statute or case law that contradicted the holding of *Safway.* *Id.*

■ Accordingly, we conclude that Texas public policy does *not* prohibit insurance coverage of punitive damages in *all* situations. Since the Texas trial courts have not determined the basis of the Debtors' liability, we must conclude that Northfield is not entitled to judgment as a matter of law that it is not liable for any punitive damages which may be assessed against the Debtors.

---

**3.** In 1994, after the Texas Supreme Court's *Moriel* decision, the Texas Legislature expressly provided that punitive damages levied against a defendant are to punish the defendant for outrageous, malicious, or other morally culpable conduct. Tex. Civ. Prac. & Rem.Code Ann. § 41.001(3) (1995).

**4.** *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) (where State Supreme Court has not decided an issue, federal court must determine how that court would rule).

**5.** This provision of the Texas Insurance Code was not in effect at the time the Northfield Policies were issued. Therefore, it does not directly apply to this case. *Great Am. Reserve Ins. Co. v. Laney,* 488 S.W.2d 481, 485–86 (Tex.Civ.App.-Fort Worth 1972), rev'd on other grounds, 498 S.W.2d 674 (Tex.1973). However, giving the insurance commissioner authority to approve the insurance of punitive damages appears inconsistent with a public policy against such insurance.

### D. *Insurance Policy Language*

■ Northfield also asserts that this Court should grant its Motion because the Northfield Policies do not cover acts that are "expected or intended from the standpoint of the insured." Northfield contends that this language, in conjunction with Texas law on when punitive damages may be awarded, precludes any liability for punitive damages.

■ In Texas, punitive damages may be awarded only if a claimant proves by clear and convincing evidence that the alleged harm resulted from: (1) fraud, (2) malice, or (3) a willful act, omission or gross neglect. Tex. Civ. Prac. & Rem Code § 41.003. The Texas Code further defines gross neglect as:

> an act or omission (i) which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of potential harm to others; and (ii) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

Tex. Civ. Prac. & Rem.Code § 41.001(7)(B). Thus, Northfield argues that the Debtors's conduct must have been "expected or intended" if an award of punitive damages is made.

Texas case law, however, provides otherwise. The Court in *Westchester* found that an entity may be found liable for punitive damages without expecting or intending the result. 2003 WL 21475423, at *10, 2003 Tex.App. LEXIS 5468, at *29. The Court concluded that the insurance policy (which contained language similar to the Northfield Policies' exclusion for expected or intended injuries) did not preclude coverage for grossly negligent behavior. That conclusion was premised on a determination that it is possible to know that an act or omission is likely to cause serious harm, but not anticipate or consider it probable that the harm will actually occur. *Id.* at *11, 2003 Tex.App. LEXIS 5468, at *30–31.

Consequently, we cannot conclude, as Northfield argues, that under Texas law the exclusion language of the Northfield Policies would preclude coverage for any punitive damages which may be awarded against the Debtors in Texas.

### IV. *CONCLUSION*

For the reasons set forth above, we deny Northfield's Motion for Partial Summary Judgment.

An appropriate order is attached.

### ORDER

**AND NOW** this 24th day of **SEPTEMBER, 2003**, upon consideration of the Motion for Partial Summary Judgment filed by Northfield Insurance Company and the response of the Debtors thereto, it is hereby

**ORDERED** that the Motion for Partial Summary Judgment filed by Northfield Insurance Company is hereby **DENIED**.